No. 88-43

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

GORDON THIEL,

        Defendant and Appellant.

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Ira Eakin, Billings, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        Kathy Seeley, Asst. Atty. General, Helena
        Victor G. Koch, County Attorney; Phillip N. Carter,
        Deputy County Attorney, Sidney, Montana

Submitted on Briefs: November 17, 1988

Decided: February 3, 1989

Filed:

FILED
'89 FEB 3 AM 11 09
ED S... CLERK
MONTANA SUPREME COURT

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Gordon Thiel appeals from the judgment of the District Court, Seventh Judicial District, County of Richland. We affirm in part and reverse in part the District Court's judgment.

Two issues are presented for our consideration:

1. Whether fundamental fairness requires that we dismiss Counts I through XXIV;

2. Whether Thiel's constitutional rights were violated by the District Court's refusal to allow him to examine the file of the assigned social worker.

We agree with Thiel's position on issue one and reverse the District Court's judgment with regard to Counts I through XXIV and dismiss those counts. We affirm the convictions on Counts XXV and XXVI.

This case commenced in 1983. At that time, Thiel was charged with two counts of sexual intercourse without consent against his stepdaughter, J.P. Plea negotiations with the county attorney ensued. The parties agreed that Thiel's participation in a sexual offender's treatment program would be a condition of the plea agreement. Therefore, Thiel, before entering his plea, was evaluated by a psychologist to determine whether he was amenable to treatment. During the evaluation Thiel admitted to additional instances of sexual misconduct, including the abuse of J.P.'s sibling, T.P., several times from 1980 through 1983. This information was transmitted to the county attorney and defense counsel during the course of plea negotiations. A seven year suspended sentence was agreed upon rather than a two or three year deferred sentence as was initially discussed. The record shows that the increase in the sentence recommendation was a

direct result of the new information. In May, 1984, Thiel entered into a written plea agreement with the State. Pursuant to the agreement, Thiel pleaded guilty to two counts of sexual assault against J.P. and received a seven year suspended sentence.

Later in July or August, 1984, Thiel had contact with T.P. and sexually assaulted her. She did not report the assault at that time. In February or March, 1985, the Thiel family reunited but in fall of that year T.P. moved out. Thiel assaulted J.P. sometime in early 1986. The assault was not reported until October, 1986. When both J.P. and T.P. were interviewed by authorities, T.P. reported the 1984 assault and the numerous incidents occurring from 1980 to 1983 to which Thiel had already admitted during his psychological evaluation.

In November, 1986, Thiel was charged with 26 counts of sexual intercourse without consent. Counts I through XXIV were based upon Thiel's numerous assaults against T.P. that occurred from 1981 through 1983. Count XXV was based on the 1984 assault against T.P. and Count XXVI was based on the 1986 assault against J.P. Before trial and prior to voir dire Thiel moved to dismiss the first 24 counts, arguing they had been the subject of the earlier plea bargain agreement. The District Court denied the motion. After the State rested its case, Thiel renewed the motion to dismiss. The court took the motion under advisement. Thiel was convicted on all counts with his motion unresolved. An evidentiary hearing on Thiel's motion was then held, after which the court issued findings of fact, conclusions of law, and an order denying the motion. The court sentenced Thiel to 20 years with all but 30 days suspended on each of Counts I through XXIV and, on Counts XXV and XXVI, the court sentenced Thiel to ten years each. It is from this conviction Thiel appeals.

Thiel first contends that the State is barred from prosecuting Counts I through XXIV because these offenses were included in the scope of the 1984 plea agreement. He argues that it is fundamentally unfair to prosecute him for offenses that were revealed and considered during plea negotiations and sentencing for the previous charges. We agree.

The facts of this case demonstrate that Thiel's admission to a treatment program was a prerequisite to the 1984 plea bargain with the State. In order to be accepted into such a program, Thiel was required to undergo an evaluation of his amenability to treatment. An indication of his amenability was his willingness to admit his past behavior. Unless the evaluator believed that he had admitted all of his offenses, Thiel would not be accepted to the program. If rejected by the program, plea negotiations would cease, and Thiel would face a prison sentence or fine. Hence, in order to ensure the continuance of negotiations, Thiel waived his right to remain silent and underwent the evaluation.

During the evaluation, Thiel revealed several additional sexual offenses, including the assaults on T.P. This information was communicated to the county attorney as well as counsel for the defense. As a result, the sentence agreed upon by Thiel and the county attorney was set at seven years suspended rather than two or three deferred as orginally discussed. At the sentencing hearing, the State introduced copies of the psychological evaluation and a letter from the psychologist to the social worker in charge of the Thiel family case. These two documents contained references to offenses to which Thiel admitted during the evaluation.

Thiel had few options other than to sacrifice his right to remain silent and reveal his entire past. His revelations were used to increase his sentence. Fundamental fairness

forbids the State from now prosecuting him for offenses for which he has essentially already been punished. We therefore reverse the District Court's judgment with regard to Counts I through XXIV and dismiss those counts.

Next, Thiel attacks the validity of his conviction on Counts XXV and XXVI, claiming he was denied a fair trial because he was not allowed to review the contents of the assigned social worker's file. Thiel argues that the District Court violated his constitutional right to confront the witnesses against him when it refused to allow him to examine the entire file.

Section 41-3-205, MCA, governs this issue and reads in pertinent part as follows:

> (1) The case records of the department of social and rehabilitation services, the department of family services and its local affiliate, the county welfare department, the county attorney, and the court concerning actions taken under this chapter and all records concerning reports of child abuse and neglect shall be kept confidential except as provided by this section. Any person who permits or encourages the unauthorized dissemination of their contents is guilty of a misdemeanor.
>
> (2) Records may be disclosed to a court for in camera inspection if relevant to an issue before it. The court may permit public disclosure if it finds such disclosure to be necessary for the fair resolution of an issue before it.

The constitutionality of § 41-3-205, MCA, has not directly been determined by this Court. The United States Supreme Court, however, examined a similar statute in Pennsylvania v. Ritchie (1987), 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40. The Court concluded that the defendant's right to confront his accusers was not violated by a Pennsylvania statute requiring that child abuse investigative files be kept confidential. The Court stated that as long as the defendant was not prevented from cross-examining the

victim, his right to confront witnesses was not violated. Ritchie, 480 U.S. at 54, 107 S.Ct. at 1000.

Thiel was given wide latitude at trial to cross-examine all witnesses against him. We agree with the position of the Court in Ritchie and hold that Montana's child abuse confidentiality statute as it applies to file review does not violate a defendant's right to confront his accusers.

Thiel also hints that disclosure of the full file is compulsory according to law because it may contain exculpatory evidence. This, too, was considered by the United States Supreme Court in Ritchie. The Court concluded that as long as the statute allowed the trial court to review the case worker's files in camera and to release material information from the file to the accused, the defendant's interest in ensuring a fair trial was fully protected. Ritchie, 480 U.S. at 60, 107 S.Ct. at 1003.

The Court expressed the policy underlying this procedure:

> To allow full disclosure to defense counsel in this type of case would sacrifice unnecessarily the Commonwealth's compelling interest in protecting its child abuse information. If the CYS records were made available to defendants, even through counsel, it could have a seriously adverse effect on Pennsylvania's efforts to uncover and treat abuse. Child abuse is one of the most difficult crimes to detect and prosecute, in large part because there often are no witnesses except the victim. A child's feelings of vulnerability and guilt, and his or her unwillingness to come forward are particularly acute when the abuser is a parent. It therefore is essential that the child have a state-designated person to whom he may turn, and to do so with the assurance of confidentiality. Relatives and neighbors who suspect abuse also will be more willing to come forward if they know that their identities will be protected. Recognizing this, the Commonwealth--like all other States--has made a commendable effort to assure victims and witnesses that they may speak to the CYS counselors without fear of general disclosure. The

> Commonwealth's purpose would be frustrated if this confidential material had to be disclosed upon demand to a defendant charged with criminal child abuse, simply because a trial court may not recognize exculpatory evidence. Neither precedent nor common sense requires such a result.

Ritchie, 480 U.S. at 60-61, 107 S.Ct. at 1003-04.

At trial, the District Court twice examined in camera the social worker's file. As does the highest court in the land, so do we think that the appellant's rights were fully protected by the District Court's in camera study of the social worker's file. We affirm on this issue.

We affirm Thiel's conviction on Counts XXV and XXVI, reverse the judgment on Counts I through XXIV, and remand for proceedings in accordance with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. A. B. Martin, District
Judge sitting for Justice
L. C. Gulbrandson

_____
Hon. Peter L. Rapkoch, Dis-
trict Judge, sitting for
Justice R. C. McDonough