NO.   93-107

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

THE STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

SCOTT MUIR,

        Defendant and Appellant.

FILED

JAN 25 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Tenth Judicial District,
               In and for the County of Fergus,
               The Honorable Peter L. Rapkoch, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Craig Buehler, Attorney at Law,
            Lewistown, Montana

        For Respondent:

            Hon. Joseph P. Mazurek, Attorney General,
            Barbara C. Harris, Assistant Attorney
            General, Helena, Montana

            Thomas P. Meissner, Fergus County Attorney,
            Lewistown, Montana


                        Submitted on Briefs:   September 30, 1993

                                    Decided:   January 25, 1994

Filed:


_____
                Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Scott Muir appeals from a jury verdict in the Tenth Judicial District Court, Fergus County, finding him guilty of sexual intercourse without consent.

We affirm.

The sole issue is whether the District Court erred when it denied appellant access to the victim's treatment counselor and the counselor's records.

On July 6, 1992, appellant was charged by information with sexual intercourse without consent, in violation of § 45-5-503(1), MCA. The State further based the charges on § 45-5-501(a)(iii), MCA, that the victim could not consent to the act because she was 14 years of age when the offense occurred. Appellant was 19 years of age.

One evening in September or October 1990, the victim and a 16-year-old friend, B.L., were drinking alcohol and cruising the streets of Lewistown. At midnight, they picked up another friend, N.R., from her job at the Dairy Queen, and then stopped at the Circle K store where they saw appellant with a friend.

Appellant and his friend were on their way to the friend's home in Forest Grove, a community approximately 25 miles from Lewistown. B.L. and N.R. both knew appellant and his friend and talked to them. The victim had never met either appellant or his friend. B.L. testified that the victim was intoxicated when they were all at the Circle K store. The victim approached appellant and his friend and was touching and flirting with them. Appellant

and his friend agreed to follow the girls to the Dairy Queen where they would drop off N.R. Appellant, his friend, B.L., and the victim then rode in the friend's pickup to the friend's house.

The victim sat next to appellant as he drove the pickup and continued to be sexually aggressive toward him. B.L. commented to appellant that the victim was not usually that aggressive, but that she was just drunk. Appellant testified that sometime during the drive, the victim told him she was 17. Upon arriving in Forest Grove, appellant and the victim started walking down the road. B.L. testified that as they were leaving, she told appellant "not to do anything," and that the victim was only 14 years old.

Appellant and the victim walked behind a large round hay bale in a nearby field and had sexual intercourse. They returned to the pickup and the four of them drove back to Lewistown, where the victim spent the night at B.L.'s home.

In March 1991, the victim was admitted to the Yellowstone Youth Treatment Center for an alcohol abuse problem. While in treatment, she spoke with her treatment counselor about the incident, who subsequently informed the victim's mother. On April 22, 1991, the victim's mother filed a complaint with the Fergus County Sheriff's Department, but because of the victim's emotional state, an investigation was delayed. In April 1992, Deputy Rolf Danzer investigated the complaint by speaking with the victim, her mother, and her counselor. Deputy Danzer then questioned appellant, and appellant gave him a written statement which documented that he did have sexual intercourse with the

3

victim, and that he knew she was 14 years old when the act occurred.

On July 6, 1992, the appellant was charged with sexual intercourse without consent. Appellant pled not guilty, and at trial presented testimony that he reasonably believed the victim was 17 years old when the act occurred.

Appellant was found guilty by a jury on September 1, 1992, and was sentenced to a term of 10 years at the Montana State Prison. He was also required to successfully complete the sex offender program at the prison prior to his release.

Did the District Court err when it denied appellant access to the victim's treatment counselor and the counselor's records?

Appellant contends that the State deliberately withheld information from him which it had access to and used in its investigation of the case. Prior to trial, appellant requested by motion the right to interview the counselor at the Yellowstone Youth Treatment Center and gain access to her written records because she was listed on the information as a potential witness. The State contends that appellant received the same investigative records that it used to prepare its case in chief, and that the treatment records were privileged as communications between a psychologist and a client.

The court denied appellant's motion pending its review, and directed the State provide the court with the records. Later, the State informed the court of its attempts to secure the records from

4

the Yellowstone Youth Treatment Center, but reported that it was able to obtain only one report which it submitted to the court.

The court viewed the report in camera and denied appellant access to the report stating that it found no exculpatory evidence that was relevant to the issues. The court further denied appellant the right to interview the counselor because the counselor was not called as a witness at the trial. The court directed the State to continue its efforts to determine if there were more records from the treatment center that may contain exculpatory evidence.

While § 46-15-322, MCA, requires the State to provide all pertinent information within its possession or control, "the statutes have no effect until the State actually develops the knowledge of a specific act, fact or information that exculpates the defendant." State v. Shaver (1988), 233 Mont. 438, 447, 760 P.2d 1230, 1235.

This Court recently upheld a trial court's decision to deny a defendant access to a victim's counselor's information because the State did not possess the information, nor did the State use the information to prepare its case. State v. Little (Mont. 1993), 861 P.2d 154, 50 St. Rep. 86. In Little, a defendant charged with sexual intercourse without consent, requested the victim's counselor's notes asserting that they might contain exculpatory information. The District Court found that the defendant was not entitled to discovery of the notes because the State did not possess the notes, did not use the counselor's notes or opinions to

5

prepare its case, and did not intend to call the counselor as a witness. <u>Little,</u> 861 P.2d at 159. *See also*, State v. Rhyne (1992), 253 Mont. 513, 833 P.2d 1112.

In the present case, the State reported to the District Court that no written reports were submitted by the counselor to the sheriff's investigator. The sheriff's investigator interviewed the victim's counselor, the victim, and her mother. The details of these interviews were in the investigator's report, which was provided to both the State and appellant. The State informed the District court that it gave appellant all the information it had received from the investigative officer. The State did not view the counselor's records, use them to prepare its case, or call the counselor as a witness. We hold that appellant failed to show that the State deliberately withheld information from him which it had access to and used in its investigation of the case.

Next, appellant contends that the District Court erred by denying him access to the victim's counselor and her treatment records, thereby denying his right to confront witnesses and compel testimony.

The Montana Rules of Evidence allow the trial court to refuse evidence by first testing the relevance of the evidence, and then determining whether the evidence should be excluded by a provision of law. Rule 402, M.R.Evid. Rulings on the admissibility of evidence are left to the sound discretion of the trial court. State v. Mayes (1992), 251Mont. 358, 373, 825 P.2d 1196, 1205. On

appeal, this Court will not disturb such a ruling absent abuse of discretion.  <u>Maves</u>, 825 P.2d at 1205.

Appellant requested access to the counselor's records several times throughout the proceedings and for several purposes. Appellant requested the right to review the counselor's records for information with which to impeach the victim's mother concerning the victim's alcohol abuse, and to scan for potential witnesses for the defense. At the sentencing hearing, appellant again requested access to the victim's treatment records to rebut the State's assertion that all. of the victim's emotional problems resulted from appellant's actions.

The District Court denied appellant's requests, stating that the sexual intercourse without consent charge was grounded upon § 45-5-501(a)(iii), MCA, that the victim was under the age of 16 when the alleged offense occurred and she could not give her consent.  The court reasoned that no connection had been established between the incident and the victim's alcohol abuse and emotional problems, and therefore, found the issue of the victim's character and alcohol abuse irrelevant to these charges.  Further, the court reasoned that its sentence and judgment were not based on the contents of the treatment records, but instead upon evidence submitted at trial, and that witnesses' testimony concerning the victim's emotional history and alcohol abuse contained the same information as did the counselor's treatment records.

Montana protects confidential information between a psychologist and a client from disclosure. Section 26-1-807, MCA.

7

In State v. Reynolds (1990), 243 Mont. 1, 8, 792 P.2d 1111, 1115, this Court held that the district court properly denied the defendant's motion to obtain all medical and psychiatric records of a sexual assault victim. There, we cited the privilege stated in § 26-1-807, MCA, and our holding in State v. Thiel (1989), 236 Mont. 63, 66, 768 P.2d 343, 345.

In Reynolds., 792 P.2d at 1115, this Court reasoned that a defendant's right to confront his accusers in pretrial discovery is not equivalent to the constitutional right of confrontation. Rather, confrontation is a trial right that guarantees an opportunity for effective cross-examination. A right to question adverse witnesses does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony. Reynolds, 792 P.2d at 1115 (citing Pennsylvania v. Ritchie (1987), 480 U.S. 39, 53, 107 S. Ct. 989, 999, 94 L. Ed. 2d 40, 54). This Court has held that an in camera inspection by the trial court pursuant to § 41-3-205(2), MCA, suffices to protect the confrontation rights of a defendant, and to protect the privacy rights of a victim. State v. Donnelly (1990), 244 Mont.. 371, 376, 798 P.2d 89, 92 (overruled on other grounds in State v. Imlay (1991), 249 Mont. 82, 813 P.2d 979).

In the present case, the District Court properly examined the report in camera to determine whether exculpatory evidence was present. The court found the counselor's report involved privileged information involving the victim's psychological history and treatment. At trial, the appellant had opportunity to

8

cross-examine all adverse witnesses, including his accuser, the victim. Throughout the entire trial and sentencing, appellant attempted to gain access to information concerning the victim's alcohol and emotional problems after the incident. The court denied access, reasoning that no correlation to the information was provided at trial. The court seemingly addressed the correlation between the victim's past emotional problems and alcohol abuse, and her consent at the time of the incident. The court also considered that the State did not establish a correlation at trial between the trauma of the incident and the victim's current emotional problems. We agree with the court when it found that the victim's historic emotional problems and current emotional state were irrelevant to the issue of whether appellant was guilty of sexual intercourse without consent. We hold that the District Court did not abuse its discretion when it denied appellant access to the victim's counselor or the treatment records.

Appellant also contends that without the requested treatment records he was denied access to potential information to build the defense that he reasonably believed the victim was 17 years old.

Section 45-5-511(1), MCA, provides that:

When criminality depends on the victim being less than 16 years old, it is a defense for the offender to prove that he reasonably believed the child to be above that age. Such belief shall not be deemed reasonable if the child is less than 14 years old.

At trial, appellant offered evidence that he reasonably believed the victim was 17 years old. The State submitted evidence that appellant was aware the victim was 14 years old. The court

9

instructed the jury on § 45-5-511(1), MCA, and the jury was not persuaded by appellant's evidence.

Further, the jury was instructed that the State must prove that appellant had sexual intercourse with the victim, and that the victim was 14 years old at the time of the offense. The State proved its case.

We hold that the District Court did not err in denying the appellant access to the victim's counselor or the counselor's treatment records.

We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10