JUSTICE LEAPHART,
dissenting.
Although § 46-11-404, MCA, provides that different offenses may be joined in the same charging document if the offenses are “of the same or similar character, or are based on the same transactions connected together or constituting parts of a common scheme or plan,” I firmly believe that requiring the defendant to go before a jury to defend one count of homicide and 59 counts of theft/forgery offends fundamental fairness. See State v. Thiel (1989), 236 Mont. 63, 66, 768 P.2d 343, 345. Whether there is merit to any of the numerous counts, human nature is such that the average juror is going to consider the fact that the defendant has been charged with 60 counts of criminal conduct and conclude, “where there’s smoke there’s fire.” Although this Court has previously held that the “prejudice resulting from the jury believing the defendant to be a bad [woman] because of multiple charges — has seldom been found sufficient to warrant severance,” State v. Campbell (1980), 189 Mont. 107, 121, 615 P.2d 190, 198 (citing State v. Orsborn (1976), 170 Mont. 480, 489, 555 P.2d 509, 514-15), I am of the opinion that the filing of 60 counts in order to convict on one count of homicide is beyond the pale.
*191 Although I agree that it was necessary for the State to prove that Becky Richards had a motive to kill her husband by showing that she wanted to dispose of him before he discovered that she had been illegally depleting the Richards Logging checking accounts, I strongly reject the manner in which this evidence was presented. I do not believe that it was necessary or appropriate for the State to prove motive through the filing of 59 different counts of property related offenses, including 6 counts that were totally unrelated to Richards Logging. The State could have achieved its purpose by consolidating the theft/forgery charges into a relatively small number of counts or, better yet, it should have simply charged Richards with homicide and presented the “other crimes” evidence under the strictures of Rule 404(b), M.R.Evid., or as res gestae evidence. Rule 404(b) is designed to accommodate “other crimes” evidence if such evidence meets certain requirements, one of which is that other crimes evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence. State v. Matt (1991), 249 Mont. 136, 142, 814 P.2d 52, 56. By charging 59 separate property offenses, the State circumvented the probative value versus potential prejudice test of Rule 404(b) and put itself in a position to present exhaustive evidence related to 59 property offenses regardless of the fact that such an approach was highly prejudicial to the defendant. In other words, through abuse of its charging discretion, the State was able to do that which is clearly contrary to the spirit and letter of Rule 404(b); that is, paint the defendant as criminally disposed and of a bad character; an “avaricious, self-centered, scheming and compulsively dishonest woman....”
By filing a 60-count charging document, the State was able to engender a latent feeling of hostility towards the defendant. There is no doubt in my mind that when a defendant walks into a courtroom charged with 60 counts of criminal activity, the presumption of innocence goes out the back door. Given that the State’s purpose in charging the property offenses was to prove defendant’s motive for the homicide charge, the property offenses should have been handled as res gestae or “other crimes” under Rule 404(b). It was prosecutorial overreaching to thwart Rule 404(b) by charging each of these 59 events as a stand-alone offense. I dissent.