JUSTICE COTTER
concurring in part and dissenting in part.
¶95 I concur in the Court’s disposition of Issues 1, 2, 3(2), 4, 6, and 7 through 10.1 dissent from the Court’s disposition of Issues 3(1) and 5. I would affirm the verdict and judgment of the District Court.
¶96 Issue 3(1) presents the question of whether the District Court abused its discretion when it denied the defendants’ request for the production of all of Kristin’s medical and mental health records. As the Court points out, the District Court entered its Order following an in camera inspection of the medical and mental health care records in question. ¶ 37. We have consistently upheld the use of the in camera review as a tool that effectively protects both parties. See Burns, 253 Mont, at 39, 830 P.2d at 1319-20; State v. Thiel (1989), 236 Mont. 63, 768 P.2d 343; State v. Mix (1989), 239 Mont. 351, 781 P.2d 751; and In re Lacy (1989), 239 Mont. 321, 780 P.2d 186. As we stated in Burns, “[plrohibiting discovery of materials that are not probative is one of the functions of trial judges which is within their discretionary powers.” Burns, 253 Mont. at 43, 830 P.2d at 1322.1 would conclude that the District Court judge properly conducted an in camera review under the circumstances presented in this ease, and that, in concluding from his review that the subject records were "... subject to strong constitutional protections, are irrelevant to the issues in this case, and are not discoverable,” he performed precisely the function we have historically endorsed. We do not disturb the rulings of the district court absent an abuse of discretion. Burns, 253 Mont. at 42, 830 P.2d at 1322. I see nothing in the record before us that establishes an abuse of discretion *333 in the District Court’s handling of the disputed medical records. I would therefore affirm on this issue.
¶97 I would also affirm the District Court’s decision prohibiting the State from conducting an IME and excluding the testimony of the State’s expert witness. (Issue 5). We review such a ruling to determine whether the district court abused its discretion. ¶ 51.1 would conclude that no abuse of discretion was shown.
¶98 In denying the State’s request for an IME, the District Court found, based upon the medical records, that the State had known of Kristin’s PTSD since September, 1997. It therefore rejected the State’s contention that her disclosure of the condition in late 2001 was a surprise. This Court concludes at ¶ 55 that the early disclosure of the records containing the PTSD diagnosis was insufficient notice that Kristin intended to use the diagnosis as a basis for her damages claim. This is entirely too fine a distinction for us to draw, especially when applying an abuse of discretion standard of review. The fact is, as the State conceded in its brief opposing reconsideration of the IME issue, the State was aware early in the proceedings that Kristin was claiming she suffered from emotional distress, depression and anxiety, and emotional disturbance, as a result of her son’s fall and injuries. The medical records contained the technical diagnosis. It seems to me, and it apparently seemed to the District Court as well, that this combination of disclosures, given well in advance of the discovery deadlines, provided the State with ample time and notice to arrange for an IME prior to the deadline for disclosure of expert witnesses. ¶99 While the Court may feel that greater latitude should have been shown by the District Court, it is not our function to overturn a discretionary ruling that is supported by the facts in the record. I would uphold the District Court’s exercise of discretion on this issue. ¶100 Finally, I would affirm the District Court’s refusal to allow Dr. Price to testify. The District Court’s scheduling order required the filing of a “comprehensive statement of the proposed expert’s testimony’ and “a comprehensive statement” of the grounds for the expert’s opinion, on or before November 15,2001. Dr. Price’s disclosure of November 15, 2001, did not list any opinion, much less any grounds for an opinion. The supplementary response was not filed until a month later. Given these circumstances, the District Court was well within its discretion to strike Dr. Price’s testimony. We have consistently held that it is within the district court’s discretion to impose sanctions for the failure to comply with a court’s scheduling orders. McKenzie v. Scheeler (1997), 285 Mont. 500, 506, 512, 949 P.2d *334 1168, 1172, 1175. This is what the District Court did. There was no abuse of discretion.
¶101 For the foregoing reasons, I would affirm the District Court’s disposition of the matters raised in Issues 3(1) and 5, and would affirm the judgment of the District Court. I dissent from our refusal to do so.
JUSTICE NELSON and JUSTICE REGNIER join in the concurrence and dissent of JUSTICE COTTER.