No.   91-442

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

HENRY E. NELSON,

       Claimant and Appellant,

  -vs-

SEMITOOL, INC., and EBI ORION GROUP,

       Defendants and Respondents.

FILED

MAR 2 6 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Workers' Compensation Court,
               The Honorable Timothy W. Reardon, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

            Kenneth E. O'Brien, Hash, O'Brien & Bartlett,
            Kalispell, Montana.

       For Respondent:

            Robert E. Sheridan, Garlington, Lohn & Robinson,
            Missoula, Montana.

                 Submitted on Briefs:  February 13, 1992

                          Decided: March 26, 1992

Filed:

                       Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Henry E. Nelson (Nelson) appeals from an order of the Workers' Compensation Court attributing fifty percent of his disability to an occupational disease resulting from his employment with the respondent, Semitool Inc., and fifty percent to a preexisting disability. Nelson asserts that the occupational disease from which he suffers is fully compensable by Semitool and was inappropriately apportioned by the Department of Labor. We affirm.

The single issue for our review is whether the Workers' Compensation Court erred by apportioning fifty percent of Nelson's current disability to a preexisting disability.

From 1964 until 1969, Nelson was an employee of the United States Postal Service. While employed by the postal service Nelson injured his back necessitating a lumbar spinal fusion. His back condition prevented him from performing his postal service duties and he began receiving federal workers' compensation benefits. Nelson received full disability benefits until 1978 and appears to continue to receive partial benefits at present.

From 1978 until 1982, with the exception of approximately seven months, Nelson worked as a hardware store clerk. There is conflicting evidence regarding what, if any, back problems Nelson experienced while employed as a clerk. There is evidence that Nelson consulted with a local orthopedist and reported low back pain that radiated into his legs during this period.

In 1982, Nelson began working for Semitool, Inc. Because of

his prior back condition, Semitool required a physical. Nelson was cleared to lift 100 pounds on a regular basis. From 1982 until 1988 Nelson held several jobs with Semitool, each of which presented severe physical demands including heavy lifting. In 1988, Nelson began experiencing back problems which grew progressively worse culminating in Nelson's inability to continue work.

The Department of Labor directed that Nelson be examined by a member of the Occupational Disease Panel to determine if he suffered from an occupational disease. Nelson was examined by Dr. W.J. McKinstry who concluded that Nelson's back problems were related to his employment at Semitool. A second examination was conducted by Dr. McDonald who concluded that Nelson's back pain was not attributable to his work at Semitool but to his prior injury and the lumbar fusion. Because of the differing opinions, a third doctor, Dr. Jacobson, was appointed to review the case and act as referee. Dr. Jacobson concurred with Dr. McDonald and on this basis the Department of Labor denied Nelson benefits under the Occupational Disease Act.

Nelson appealed the Department of Labor decision and a hearing examiner was appointed. The hearing examiner determined that Nelson did suffer from an occupational disease as a result of the work at Semitool but that under §39-72-706, MCA, Semitool was only fifty percent responsible for the current condition. Both parties appealed to the Workers' Compensation Court and the hearing

examiner's conclusion was affirmed.

In addition to the reports and depositions of the above mentioned examining doctors, the record includes the opinions of Nelson's treating physicians, Drs. Ingham and Stephens. All of the doctors appear to agree that Nelson is suffering from a condition called spinal stenosis. Spinal stenosis is the narrowing of the area through which the nerves pass in the spinal column. The stenosis in Nelson's case is a result of increased bony growth or hypertrophic bone growth that has developed at the site of the 1968 bone fusion. There is conflicting evidence regarding whether or not the work at Semitool caused, accelerated, aggravated or is totally unrelated to Nelson's condition.

Nelson argues that at the time he went to work for Semitool he was completely recovered from his prior injury and that his current condition is the result of his work at Semitool. Therefore, Nelson contends Semitool is liable for one hundred percent of his current occupational disease. There is no dispute that Nelson is disabled and at least part of the disability is an occupational disease resulting from his work for Semitool. The current dispute requiring our resolution is whether, under § 39-72-706, MCA, Nelson's disability is appropriate for apportionment between his preexisting condition and the occupational disease.

Section 39-72-706, MCA, provides in pertinent part:

**Aggravation.** (1) If an occupational disease is aggravated by any other disease or infirmity not itself compensable or if disability or death from any other cause not itself compensable is aggravated, prolonged, accelerated, or in

4

> any way contributed to by an occupational disease, the compensation payable under this chapter must be reduced and limited to such proportion only of the compensation that would be payable if the occupational disease were the sole cause of the disability or death as such occupational disease as a causative factor bears to all the causes of such disability or death.

The Workers' Compensation Court concluded that employment with Semitool accelerated Nelson's disease to the extent that Nelson could no longer perform his job. Semitool was held liable for the portion of the disability determined to be aggravated and accelerated by Nelson's employment with them. The remaining liability was affixed to Nelson's preexisting condition.

It is not the function of this Court to reweigh the evidence. We will uphold the findings and conclusions of the Workers' Compensation Court if they are supported by substantial credible evidence in the record. Eastman v. Atlantic Richfield Co. (1989), 237 Mont. 332, 777 P.2d 862. Where the findings are based on conflicting evidence, the Court's function is to determine whether there is substantial evidence to support the findings and not to determine whether there is sufficient evidence to support contrary findings. Little v. Structural Systems (1980), 188 Mont. 482, 614 P.2d 516.

There is no dispute that Nelson suffers from spinal stenosis. Furthermore, the doctors agree that had the original injury and the resulting fusion surgery never occurred, it is unlikely that Nelson would have ever developed spinal stenosis. There is evidence, although the doctors dispute whether it is merely possible or

5

whether it is probable, that strenuous physical activity accelerates hypertrophic bone growth and the development of spinal stenosis. It was not possible for the physicians to determine if the stenosis developed prior to or after Nelson began working for Semitool. However, there is evidence that Nelson continued to have back problems in the years immediately preceding his work with Semitool.

Nelson contends that because his preexisting condition did not prevent him from working at Semitool it is not a disability that permits apportionment. Furthermore, he contends that the occupational disease from which he suffers is spinal stenosis, a distinct and separate condition from the original postal service injury that required the fusion surgery. Nelson refers to Larsen's treatise on Workers' Compensation wherein Larsen states:

> To be apportionable, then, an impairment must have been independently producing some degree of disability before the accident, and must be continuing to operate as a source of disability after the accident. Larsen's Workers' Compensation, Volume 2, Section 59.22(c), Page 10-401.

We do not find the conclusion of the Workers' Compensation Court to be inconsistent with Larsen as cited above. There is substantial evidence that the original back injury was an impairment that "independently produced some degree of disability". For example, claimant had to leave a previous job due to his back injury. There is also substantial evidence to support the finding that the prior injury is the source of Nelson's current disability.

Section 39-72-706, MCA, requires that if a disability from

6

another cause is aggravated or accelerated or in any way contributed to by an occupational disease, compensation for the occupational disease is reduced in a proportional amount. We conclude that substantial evidence exists that cumulative trauma from work at Semitool aggravated Nelson's preexisting back disability. The Workers' Compensation Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

March 26, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Kenneth E. O'Brien
Hash, O'Brien & Bartlett
P.O. Box 1178
Kalispell, MT 59903

Robert E. Sheridan
Garlington, Lohn & Robinson
P.O. Box 7909
Missoula, MT 59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy