No. 94-374

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


SHARON McCOLLEY,

      Claimant and Appellant,

  v.

STATE COMPENSATION MUTUAL
INSURANCE FUND,

      Respondent and Insurer for

OMO CONSTRUCTION, INC.,

      Employer.

FILED

RR 23 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    The Workers' Compensation Court,
                The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

        Don Edgar Burris, Billings, Montana

      For Respondent:

        Thomas E. Martello, State Compensation Insurance
        Fund, Helena, Montana


                Submitted on Briefs:  January 19, 1995

                        Decided:  February 23, 1995

Filed:

_____
      Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Sharon McColley (McColley) appeals the decision of the Workers' Compensation Court denying her claim for workers' compensation benefits. We affirm.

We find the following issue dispositive:

Did McColley suffer a compensable workers' compensation injury during the course and scope of her employment on September 28, 1992?

In December 1983 McColley suffered a work-related injury to her back and neck. Her employer's insurer, State Compensation Mutual Insurance Fund (State Fund) accepted liability. McColley received a variety of medical, compensatory and retraining benefits. She ultimately settled her claim for 500 weeks of permanent partial disability benefits. McColley experienced continuing pain in her back and neck and was classified as having a 3 percent impairment rating.

McColley returned to work as a laborer in July 1990. After approximately one week on the job, McColley suffered another work-related injury. Her employer's insurer, Industrial Indemnity, accepted liability. McColley received disability benefits and ultimately settled her claim in March 1992 for 465 weeks of permanent partial disability benefits. Her impairment rating was increased to 7 percent. McColley again experienced continuing physical impairment in her neck, back and extremities due to the injury.

In September 1992 McColley again returned to work, this time as a "flagger" on a road construction crew for Omo Construction, Inc. She worked one twelve-hour day, consisting of long periods of continual standing holding a traffic control sign. She did not return to work after the first day

McColley claims that she suffered another work-related injury as a result of gravel trucks "speeding" by her, creating air currents which buffeted her about. McColley's claim of speeding trucks was not corroborated but rather was contradicted by various witnesses present at the job site on the day in question. Despite frequent contact with her supervisor, McColley did not report the speeding trucks. Omo's insurer, State Fund, denied liability.

## Issue

Did McColley suffer a compensable workers' compensation injury during the course and scope of her employment on September 28, 1992?

Section 39-71-119, MCA (1991), in relevant part, states:

Injury and accident defined. (1) "Injury" or "injured" means:
    (a) internal or external physical harm to the body;
    (b) damage to prosthetic devices or appliances, except for damage to eyeglasses, contact lenses, dentures, or hearing aids; or
    (c) death.

(2) An injury is caused by an accident. An accident is:
    (a) an unexpected traumatic incident or unusual strain;
    (b) identifiable by time and place of occurrence;
    (c) identifiable by member or part of the body affected; and
    (d) caused by a specific event on a single day or during a single work shift. [Emphasis added.1

3

Pursuant to the terms of this section, a compensable injury must be caused by an unexpected traumatic incident or unusual strain

The Workers' Compensation Court did not find McColley's testimony concerning the purported speeding trucks credible. The court stated:

> After personally observing the claimant, and considering the substance of her testimony, the circumstances surrounding her claim, the demeanor and testimony of other witnesses appearing at trial, and the exhibits, the Court has reached a firm conviction that claimant is not credible and her description of what occurred is not believable. I am persuaded that the trucks going by claimant on September 28 were traveling at 20 to 25 miles per hour and that no significant wind currents or buffeting occurred.

We will not reweigh the evidence presented at trial and will uphold the findings of the Workers' Compensation Court if they are supported by substantial credible evidence. Nelson v. Semi-Tool, Inc. (1992), 252 Mont. 286, 829 P.2d 1; Buckentin v. State Compensation Insurance Fund (1994), 265 Mont. 518, 878 P.2d 262. We review the conclusions of the Workers' Compensation Court to determine if the court's interpretation of law is correct. Stordalen v. Ricci's Food Farm (1993), 261 Mont. 256, 862 P.2d 393.

After a thorough review of the record, we conclude that the findings of the Workers' Compensation Court were supported by substantial credible evidence and that its interpretation of § 39-71-119, MCA (1991), was correct. State Fund presented evidence from individuals working at the construction site on September 28, 1992. Omo's traffic control supervisor and another flagger testified that the gravel trucks were not traveling at a high rate

4

of speed through the construction zone. Witnesses also testified that the road's general state of disrepair and the operation of various other pieces of heavy machinery in the vicinity prohibited the gravel trucks from speeding. Various supervisors who would have been notified of dangerous activities such as speeding trucks testified that they received no complaints concerning the operation of the gravel trucks on the day in question.

State Fund's witnesses provided substantial credible evidence that the gravel trucks were not operating at a high rate of speed through the construction zone on September 28, 1992. Therefore, there was no unexpected traumatic incident or unusual strain as required by § 39-71-119, MCA (1991). Based on our holding as to this issue, we need not address the other issues raised on appeal. We affirm the decision of the Workers' Compensation Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Montana Supreme Court and by a report of its result to the State Reporter and West Publishing Company.

_____
Chief Justice

5

We concur:

_____
Terry Trieweiler

_____
William E. Hunt

_____


_____
W. William Leaphart
              Justices

February 23, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Don Edgar Burris, Esq.
P.O. Box 2344
Billings, MT 59103-2344


Thomas E. Martello, Legal Counsel
State Compensation Ins. Fund
P.O. Box 4759
Helena, MT 59604-4759

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy