No. 96-055

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


JACQUI WALLS,

Petitioner and Appellant,

vs.

TRAVELERS INDEMNITY COMPANY,

Respondent/Insurer for

BMC WEST/POULSEN'S, INC.,
a Montana corporation,

Employer.



APPEAL FROM:   Workers' Compensation Court
State of Montana
The Honorable Michael McCarter, Judge presiding.



COUNSEL OF RECORD:

For Appellant:

Jeff R. Lynch, Lynch & Chisholm, Great Falls,
Montana

For Respondent:

Kirk D. Evenson, Marra, Wenz, Johnson & Hopkins,
Great Falls, Montana

Submitted on Briefs: July 18, 1996

Decided:   January 23, 1997
                    Filed:


_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.


This is an appeal from the findings of fact, conclusions of law and judgment of the Workers' Compensation Court entered on January 17, 1996, denying Petitioner Jacqui Walls (Walls) compensation and medical benefits for an alleged work-related injury.  We affirm.

The sole issue on appeal is whether the Workers' Compensation Court's denial of Walls' claim for benefits is supported by substantial credible evidence.

FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 1993, Jacqui Walls (Walls) began working as a cashier at BMC West/Poulsen's, Inc. (Poulsen's), a hardware, lumber and homeware retailer located in Great Falls, Montana.  Walls submitted a workers' compensation claim to her employer, Poulsen's, alleging that on June 2, 1994, she injured her back while lifting a heavy lawn ornament.  Poulsen's was enrolled under Compensation Plan II of the Workers' Compensation Act and its insurer was Travelers Indemnity Company (Travelers).  Travelers refused to accept liability on Walls' claim for workers' compensation benefits, contending that her damages were not the result of a work-related injury.  After both parties complied with the mediation procedure set forth in the Workers' Compensation Act, a mediation report and recommendation was submitted on September 22, 1994.  Travelers rejected this recommendation on October 19, 1994.

Subsequently, Walls filed a petition for hearing in the Workers' Compensation Court on September 1, 1995.  In her petition, Walls alleged that on June 2, 1994, she suffered an industrial injury arising out of and in the course of her employment with Poulsen's.  Specifically, she contended that she injured her lower back when she assisted Linda Wilson (Wilson), a customer, by lifting and carrying a heavy lawn ornament from its display to the cash register area.  Travelers responded and denied that Walls had suffered a compensable work-related injury.  Rather, Travelers argued that Walls injured her back while moving her personal

belongings from her boyfriend's residence, not while working at Poulsen's assisting a customer.

Trial was held on January 10, 1996, before the Workers' Compensation Court. Walls testified in person and presented three other witnesses on her behalf: her former roommate, Carol LaRocque; her former boyfriend, Zane Carter; and her son, Chase Walls. Travelers presented six additional witnesses to defend against Walls' claim: the customer Walls assisted, Linda Wilson; Walls' supervisor, Van Crowe; and four other Poulsen's employees, including Vince Miranti and Dennis Olson. On January 17, 1996, the Workers' Compensation Court entered its findings of fact, conclusions of law and judgment denying Walls' claim. From this judgment, Walls appeals.

## DISCUSSION

Was the Workers' Compensation Court's denial of Walls' claim for benefits supported by substantial credible evidence?

In its January 17, 1996 judgment, the Workers' Compensation Court entered detailed findings of fact and found that Walls did not injure her back while working at Poulsen's on June 2, 1994. Based on these findings and relying on Ricks v. Teslow Consolidated (1973), 162 Mont. 469, 484, 512 P.2d 1304, 1313, the court determined that Walls had not proven by a preponderance of the evidence that she was entitled to compensation. Therefore, the court concluded that Walls was entitled to neither compensation, medical benefits nor attorney fees or costs.

Walls argues that the Worker's Compensation Court's decision to deny Walls' claim is unconscionable because the court relied only on the impeached testimony of Wilson, the customer that Walls assisted on June 2, 1994, and ignored all other evidence concerning Walls' claim. Walls asserts that Wilson's testimony was impeached by two other witnesses whose testimony contradicted her recollection of part of the events of June 2, 1994. Walls explains that after Wilson testified that Walls gave no indication that she hurt her back while lifting and carrying a heavy lawn ornament from its display to the cash register area, Wilson subsequently gave incorrect testimony that Walls had also moved the lawn ornament from the cash register area to Wilson's car.

Walls insists that this part of Wilson's testimony "was designed to further indicate that Ms. Walls could not possibly have injured her back if she was then able to transport the [lawn ornament] from her checkout stand to Ms. Wilson's car." Furthermore, Walls points out that the store manager, Van Crowe, testified that cashiers do not assist customers by taking purchased items to their cars and that another store employee, Dennis Olson, testified that he, not Walls, had assisted Wilson by taking the lawn ornament from the cash register area to her car. Walls contends that the Workers' Compensation Court should not have given Wilson's testimony any weight, not only because Wilson offered

testimony that was later proven untrue, but because her testimony was "designed specifically to prevent Ms. Walls from obtaining benefits for a work-related injury."

Additionally, Walls asserts that all other evidence supports Walls' claim that she injured her back at work. Specifically, Walls contends that she reported her injury to her employer and informed at least three friends on the date the injury occurred and also reported her injury to her physician. Walls argues that the trial court ignored this evidence. Furthermore, Walls accuses the trial court of framing its findings of fact in terms of witness credibility to prevent meaningful review of its decision by this Court and "[t]o hamper [Walls'] likelihood of reversal." Walls urges this Court to reframe our standard of review by adopting a more reasonable and equitable standard to ensure meaningful appellate review of issues of witness credibility.

Travelers responds that Walls' arguments lack merit and the Workers' Compensation Court's decision should not be disturbed. Travelers asserts that upon careful review of the trial court's findings, it is clear that the court did not rely solely on Wilson's testimony and ignore all other testimony presented. Rather, Travelers points out that the court carefully considered all testimony and drafted detailed findings to explain its decision. Specifically, Travelers refers to Finding of Fact No. 22, wherein the trial court summarized the conflicting testimony and explained what testimony it considered credible. Travelers argues that this finding, alone, shows that substantial credible evidence supports the trial court's finding that Walls did not injure her back on the job.

Additionally, Travelers argues that Wilson's inability to perfectly recall who assisted her by taking the lawn ornament from the cash register area to her car is insignificant and does not impeach her testimony. To support this argument, Travelers points out that in Finding of Fact No. 7, the trial court stated that resolving the conflict in testimony concerning who took the lawn ornament to Wilson's car "is not central to my decision." Moreover, Travelers argues that Walls' assertion that Wilson had a motive to testify falsely is "absurd" because Wilson had absolutely no stake in the outcome of this case.

Finally, Travelers argues that Walls' assertion that the trial court purposely framed its findings in terms of witness credibility to avoid meaningful appellate review is unfounded. Travelers points out that the trial court recognized the conflicting nature of the testimony, and, therefore, based its decision upon witness credibility. Consequently, Travelers contends that because the Workers' Compensation Court was in the best position to observe the character and demeanor of the witness, we should not substitute our judgment for that of the trial court. We agree.

We review the Workers' Compensation Court's findings of fact

to determine if they are supported by substantial evidence. Wunderlich v. Lumbermens Mut. Casualty Co. (1995), 270 Mont. 404, 408, 892 P.2d 563, 566. We have defined "substantial evidence" as consisting of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Wunderlich, 892 P.2d at 566. Furthermore, "[w]here the findings are based on conflicting evidence, the Court's function is to determine whether there is substantial evidence to support the findings and not to determine whether there is sufficient evidence to support contrary findings." Nelson v. Semitool, Inc. (1992), 252 Mont. 286, 289, 829 P.2d 1, 3. We will not substitute our judgment for that of the trial court when the issue concerns the weight given to certain evidence or the credibility of the witnesses. Wunderlich, 892 P.2d at 566.

Walls requests that we reframe our standard of review concerning witness credibility by adopting a more reasonable and equitable standard. However, Walls, in essense, is requesting that we review the record to determine whether substantial credible evidence supports findings contrary to those of the Workers' Compensation Court. Clearly, this is not the appropriate standard. See Nelson, 829 P.2d at 3. As is evident from the record, the Workers' Compensation Court was presented with conflicting evidence, from witnesses testifying in person. Therefore, we will defer to the trial court's judgment concerning witness credibility and review the record only to determine whether the trial court's findings are supported by substantial credible evidence. See Wunderlich, 892 P.2d at 566.

Additionally, Walls alleges that Wilson had a motive to testify falsely and that Wilson's testimony was impeached by two other witnesses whose testimony conflicted with a portion of her own. Therefore, Walls argues that the trial court erred by giving Wilson's testimony any weight. We give due regard to the trial court not only to judge the credibility of the witnesses, but to resolve inconsistencies in witness' testimony. Rafanelli v. Dale (1996), 924 P.2d 242, 249, 53 St.Rep. 746, 751. Furthermore, "even if a portion of a witness' testimony is shown to be false or unreliable, the trier of fact need not discount the entirety of that witness' testimony." Rafanelli, 924 P.2d at 249 (citing Kis v. Pifer (1978), 179 Mont. 344, 350, 588 P.2d 514, 517-18).

In this case, the Worker's Compensation Court was the trier of fact. The trial court noted, in Finding of Fact No. 7, that Wilson's testimony concerning who took the lawn ornament to Wilson's car conflicted with other witness testimony. However, the trial court stated that resolving this conflict "is not central to my decision." It is clear from the trial court's findings that the trial court carefully considered Wilson's testimony and accepted her testimony concerning the circumstances surrounding Walls' alleged back injury. Furthermore, despite her allegation, Walls has presented absolutely no proof that Wilson was motivated to

testify falsely to prevent Walls from obtaining benefits for her alleged work-related injury. Therefore, we conclude that the trial court did not err in relying on Wilson's testimony. Furthermore, despite Walls' argument, the trial court did not rely solely on the testimony of Wilson. Rather, the Workers' Compensation Court made detailed findings concerning specific testimony of numerous witnesses. Moreover, in Finding of Fact No. 22, the trial court summarized this conflicting testimony and recorded its decision concerning the credibility of the witnesses as follows:

After considering all of the testimony, especially the testimony recited in these findings of fact, and considering the demeanor of the witnesses, I find the testimony of Wilson, Crowe, Miranti and Dennis Olson credible and do not believe that claimant hurt her back at work. According to claimant, her alleged injury was witnessed by Wilson. Wilson, however, testified credibly that she saw no sign of any injury and that claimant did not report any injury to her. Claimant asserted that she told numerous people of her injury prior to her 4:30 p.m. meeting with Crowe but did not call a single witness who could verify her assertion. Olson, who has a close relationship with claimant, recalled claimant telling him of the incident the next day. Claimant's assertion that she called Dr. Dietrich's office at 3:00 p.m. on the day of her alleged injury did not ring true in light of the doctor's notes indicating that she did not call him until June 8th and that at the time he contemplated seeing her only if the medication he prescribed by telephone did not alleviate her symptoms. I find Crowe's testimony concerning his 4:30 p.m. meeting with claimant and his awareness that claimant was moving to be credible and convincing. Miranti's testimony that claimant told him that she hurt her back while "moving" was also credible and convincing. While "moving" could refer to "moving the [lawn] ornament," I find such explanation of her statement to be implausible, especially in light of claimant's assertion that she hurt her back when "lifting" the ornament. Finally, the testimony of claimant's witnesses did not persuade me that claimant injured herself at work. Claimant told those witnesses of the alleged accident after she had been placed on probation and after she had already staked out a claim for a work-related injury. While their testimony about the move occurring after June 2nd was credible, claimant moved her furniture and effects over several days and I am persuaded that she in fact commenced moving things out of Carter's residence at the end of May when she

admittedly made her decision to move. [Emphasis in the original.]

After reviewing the record and the trial court's detailed findings, as referred to above, we conclude that the trial court did not ignore any witness testimony. Rather, the trial court considered all witness testimony, observed the demeanor of the witnesses, judged their credibility and concluded that the testimony of Travelers witnesses was more credible than the testimony of Walls' witnesses. Based upon this determination, the trial court concluded that Walls did not injure her back at work, and, therefore, denied her compensation and medical benefits. The trial court's decision was grounded in the record, in its judgment of the credibility and demeanor of all the witnesses and in the law. Accordingly, we hold that substantial credible evidence in the record supports the Workers' Compensation Court's findings of fact and decision.

Affirmed.

/S/   JAMES C. NELSON

We Concur:

/S/  J. A.  TURNAGE
/S/  TERRY N. TRIEWEILER
/S/  WILLIAM E. HUNT, SR.
/S/  KARLA M. GRAY