FILED

06/06/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0569

DA 16-0569

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 136N

MARA GUIFFRIDA,

   Petitioner and Appellee,

  v.

RONALD GLICK,

   Respondent and Appellant

APPEAL FROM: District Court of the Eleventh Judicial District,
       In and For the County of Flathead, Cause No. DR 16-089C and DR 16-574C
       Honorable Heidi Ulbricht, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Ronald Dwayne Glick, self-represented, Kalispell, Montana

   For Appellee:

     Mara Guiffrida, self-represented, Kalispell, Montana

         Submitted on Briefs: April 19, 2017

            Decided: June 6, 2017

Filed:

           _____
                 Clerk

Justice Dirk M. Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ronald Dwayne Glick, appearing pro se, appeals from a protective order issued by the Eleventh Judicial District Court in Flathead County for the benefit of his ex-girlfriend, Mara Guiffrida. The District Court determined Guiffrida was the victim of stalking, which is defined as follows:

> A person commits the offense of stalking if the person purposely or knowingly causes another person substantial emotional distress . . . by repeatedly . . . harassing, threatening, or intimidating the stalked person, in person or by mail, electronic communication, as defined in 45-8-213, or any other action, device, or method.

Section 45-5-220(1), MCA. The order bars Glick from harassing, threatening, or intimidating Guiffrida via his blog, on which Glick has accused Guiffrida of murder and threatened to reveal "personal, private, *intimate* things" about her. (Emphasis in original.) Glick asserts four distinct errors, which we address in turn.

¶3 First, Glick asserts the District Court erred in excluding evidence he offered to impeach Guiffrida's testimony. District courts have broad discretion in determining the admissibility of evidence. *Puccinelli v. Puccinelli*, 2012 MT 46, ¶ 12, 364 Mont. 235, 272 P.3d 117. Evidence is relevant for impeachment purposes if it bears upon the credibility

of a witness. M. R. Evid. 401. The impeachment evidence at issue here—a corporate record listing Glick as a registered agent of a company he and Guiffrida once ran—had no bearing on Guiffrida's credibility. Contrary to Glick's assertions, simply being a registered agent does not prove he was the sole owner of the company—a fact that would undermine Guiffrida's unrelated claim to an ownership interest in the company's assets. The District Court did not abuse its discretion in excluding Glick's impeachment evidence.

¶4 Second, Glick asserts the record lacks substantial credible evidence to support the District Court's finding that Glick was stalking Guiffrida. We review a district court's findings of fact for clear error, which exists when substantial, credible evidence fails to support the findings of fact. *Roland v. Davis*, 2013 MT 148, ¶ 21, 370 Mont. 327, 302 P.3d 91. Because trial courts are in the best position to assess the credibility of witnesses and weigh conflicting evidence, "[w]e will not substitute our judgment for that of the trial court when the issue concerns the weight given to certain evidence or the credibility of the witnesses." *Walls v. Travelers Indem. Co.*, 281 Mont. 106, 110-11, 931 P.2d 712, 715 (1997). Glick claims Guiffrida failed to produce copies of his blog entries at the hearing, but the record shows Guiffrida in fact produced for the District Court an example of the content published on Glick's blog. In that example, Glick accused Guiffrida of murder and threatened to reveal "personal, private, *intimate* things" about Guiffrida. (Emphasis in original.) Guiffrida also testified that Glick had previously threatened to release personal information about her, her daughters, and her ex-husband. Based on Glick's own writing

3

and Guiffrida's testimony, we conclude that substantial credible evidence supports the District Court's findings.

¶5 Third, Glick asserts the District Court erroneously determined Glick's blog posts satisfied the definition of electronic communications in § 45-8-213(4), MCA. "'Electronic communication' means any transfer between persons of signs, signals, [or] writing . . . transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photo-optical system." Section 45-8-213(4), MCA. Glick maintains that his blog posts were not sent directly to Guiffrida, so they did not satisfy the "transfer between" element of § 45-8-213(4), MCA. The definition of electronic communication, however, does not require that the writing be sent directly or exclusively to a particular person. Each viewer of Glick's blog, including Guiffrida, was a recipient of Glick's written communications, which satisfied the "transfer between persons" element of § 45-8-213(4), MCA. The District Court therefore did not err as a matter of law in applying § 45-8-213(4), MCA.[1]

¶6 Finally, Glick asserts the protective order violates his free speech rights. "[N]either the First Amendment nor Article II, Section 7 provide unlimited protection for all forms of speech." *St. James Healthcare v. Cole*, 2008 MT 44, ¶ 29, 341 Mont. 368, 178 P.3d 696. "[W]here matters of purely private significance are at issue, First Amendment protections are often less rigorous." *Snyder v. Phelps*, 562 U.S. 443, 452, 131 S. Ct. 1207, 1215 (2011).

---

[1] Glick also appears to assert the District Court erred in applying § 45-8-213(1), MCA, which defines the elements of a violation of privacy in communications. The protective order, however, does not mention a violation of privacy in communications. The District Court relied on § 45-8-213, MCA, only for its definition of "electronic communications" in paragraph (4). Glick's asserted error regarding § 45-8-213(1), MCA, is therefore inapposite.

4

Whether speech is of public or private concern turns on the "content, form, and context" of the speech, "as revealed by the whole record." *Snyder*, 562 U.S. at 453-54, 131 S. Ct. at 1216 (internal quotations omitted). "[F]ree speech does not include the right to cause substantial emotional distress by harassment or intimidation." *State v. Cooney*, 271 Mont. 42, 48, 894 P.2d 303, 307 (1995). Upon a full review of the record, it is clear Glick's harassment of Guiffrida concerns a matter of purely private significance, which is not entitled to rigorous protection under the state and federal rights to free speech. The District Court determined Glick's blog posts about Guiffrida went beyond mere speech and amounted to stalking. We agree. Thus, the protective order does not violate Glick's rights under the First Amendment of the U.S. Constitution or Article II, Section 7 of the Montana Constitution.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Having reviewed the brief and the record on appeal, we conclude that the Appellant has not met his burden of persuasion. We affirm.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE