No. 02-416

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 258

WAYLAND PAUL HARRIS,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.


APPEAL FROM:    District Court of the Nineteenth Judicial District,
               In and for the County of Lincoln, Cause No. DC-97-46
               The Honorable Michael C. Prezeau, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           Wayland Paul Harris, *Pro Se*, Deer Lodge, Montana

       For Respondent:

           Hon. Mike McGrath, Attorney General; John Paulson,
           Assistant Attorney General, Helena, Montana

           Bernard G. Cassidy, Lincoln County Attorney; Robert Slomski,
           Deputy County Attorney, Libby, Montana


               Submitted on Briefs: January 30, 2003

               Decided: September 23, 2003

Filed:

_____
               Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 The Nineteenth Judicial District Court, Lincoln County, denied the petition for postconviction relief filed by Wayland Paul Harris. Harris appeals. We affirm.

¶2 We address the following restated issues:

¶3 1. Did the District Court err in denying the motion to substitute another judge for the evidentiary hearing on remand?

¶4 2. Did the District Court abuse its discretion in denying Harris's request for appointment of another attorney to represent him for the evidentiary hearing?

¶5 3. Did the District Court err in denying the petition for postconviction relief?

¶6 In 1997, after a trial in which Harris testified, a jury convicted him of incest with his adopted daughter and the District Court entered judgment against him. We affirmed his conviction and sentence on direct appeal. *State v. Harris*, 1999 MT 115, 294 Mont. 397, 983 P.2d 881 (*Harris I*).

¶7 In 1999, Harris petitioned the District Court for postconviction relief. The District Court denied the petition, and Harris appealed. We affirmed in part and remanded for an evidentiary hearing on claims of ineffective assistance of counsel at trial and on appeal. *State v. Harris*, 2001 MT 231, 306 Mont. 525, 36 P.3d 372 (*Harris II*).

¶8 On remand, the District Court appointed counsel to represent Harris in connection with the evidentiary hearing. Harris moved, *pro se,* to substitute the district judge and asked the court to appoint new counsel to represent him. The District Court denied those motions and directed Harris to communicate with the court only through his counsel. Harris filed a

2

*pro se* notice of appeal from that order. Inasmuch as Harris was still represented by appointed counsel, we declined to accept the appeal and granted the State's motion to dismiss it without prejudice.

¶9      Harris then filed a *pro se* motion in the District Court asking to be allowed to represent himself at the evidentiary hearing on his ineffective assistance claims. The court granted that motion.

¶10      At the evidentiary hearing held in May of 2002, Harris presented testimony from Edmund F. Sheehy, Jr., his retained trial and appellate counsel. A large portion of the questioning related to part of Sheehy's direct examination of Harris at trial. Prior to trial, the District Court had suppressed a time-of-arrest confession by Harris and ruled that it could not be used as evidence in the prosecution's case-in-chief; it had further stated that "[t]his ruling does not address the question of whether the confession may be used by the State to impeach [Harris] in the event that [Harris] testifies at trial." As part of his direct examination of Harris, Sheehy questioned Harris about the confession and Harris testified that the confession was false. *Harris II*, ¶ 2.

¶11      In the postconviction proceeding, Harris questioned Sheehy's decision to ask him about the confession. Sheehy stated he had questioned Harris about the confession for many tactical reasons, including a belief that the prosecutor would cross-examine Harris about the confession in light of his direct testimony that he had never had sexual intercourse with his daughter.

3

¶12 Harris further questioned Sheehy about the petition for postconviction relief which Sheehy had prepared for Harris after his paid representation of Harris ended. Sheehy testified he had prepared the petition pursuant to his contract with the Department of Corrections to give legal assistance to state prison inmates. Sheehy disagreed with questions posed which suggested the ineffective assistance claims Sheehy drafted in the petition for postconviction relief constituted admissions by Sheehy that he had provided ineffective assistance of counsel at trial and on appeal.

¶13 In a nine-page order, the District Court reviewed the law as applied to the evidence adduced at the hearing, and denied the petition for postconviction relief. Harris appeals.

## DISCUSSION

¶14 1. Did the District Court err in denying the motion to substitute another judge for the evidentiary hearing on remand?

¶15 The District Court denied the motion for substitution on grounds the motion did not satisfy the statutory requirements for substitution of a judge. On appeal, Harris argues the ruling exceeded the presiding judge's authority and constitutes an abuse of discretion.

¶16 Harris moved for substitution under § 3-1-804, MCA, which allows each adverse party in a civil or criminal case one substitution of a district judge. The basis for the motion was that the presiding judge had been the trial judge and the judge on the first petition for postconviction relief, and that "[i]t clearly appears to the Defendant that Judge Prezeau is bias[ed] in his judgment toward the Defendant by denying the Original Post-Conviction Relief, without investigating or contacting Edmund F. Sheehy Jr. concerning the ineffective

4

assistance of counsel claims." Despite the fact that this language sounds as though it addresses the disqualification of a judge for cause under § 3-1-805, MCA, the motion does not meet the statutory requirements that a party moving for disqualification for cause must file an affidavit alleging something other than rulings in the case made by the challenged judge and from which an appeal could have been taken. Moreover, Harris continues to characterize his motion as one for substitution under § 3-1-804, MCA.

¶17 As stated above, § 3-1-804, MCA, allows each adverse party one substitution of a district judge in civil and criminal actions. In *Coleman v. State* (1981), 194 Mont. 428, 433, 633 P.2d 624, 627, however, we determined that the provisions of Title 3, Chapter 1, Part 8, MCA, concerning the substitution of district judges are unavailable to a postconviction relief petitioner because § 46-21-101, MCA (1979), specifically requires a petition for post-conviction relief to be filed in this Court or in "the court which imposed the sentence."

¶18 Section 46-21-101, MCA, has been amended since *Coleman* to delete the opportunity for petitioning this Court for postconviction relief. However, § 46-21-101, MCA, continues to require that a petition for postconviction relief be filed in "the court that imposed the sentence." We conclude the provisions of Title 3, Chapter 1, Part 8, MCA, concerning the substitution of district judges remain unavailable to a postconviction petitioner because of the more specific requirements of § 46-21-101, MCA. Consequently, we hold the District Court properly denied the motion to substitute.

¶19 2. Did the District Court abuse its discretion in denying Harris's request for appointment of another attorney to represent him for the evidentiary hearing?

5

¶20 In order to demonstrate that his attorney on remand had a conflict of interest requiring appointment of new counsel, Harris must establish that the attorney was actively representing conflicting interests and that an actual conflict of interest would adversely affect counsel's performance. *See State v. Deschon*, 2002 MT 16, ¶ 18, 308 Mont. 175, ¶ 18, 40 P.3d 391, ¶ 18. We will not reverse a ruling on a request for substitution of appointed counsel unless the district court has abused its discretion. *State v. Gallagher*, 2001 MT 39, ¶ 4, 304 Mont. 215, ¶ 4, 19 P.3d 817, ¶ 4 (citation omitted).

¶21 Following our remand, the District Court appointed attorney Scott B. Spencer to represent Harris in connection with the evidentiary hearing. In arguing that the court erred in denying his motion for the appointment of different counsel, Harris states Spencer "prosecuted" a civil case against him "directly stemming from the criminal charges." He claims the District Court failed to conduct an adequate investigation into this alleged conflict in violation of his right to counsel under both the Montana and the United States Constitutions.

¶22 Harris alleged only that Spencer had represented parties who opposed him in a civil case which had been dismissed some time earlier. He did not establish that the civil matter stemmed from the criminal proceedings underlying his petition for postconviction relief. He did not establish that Spencer was actively representing conflicting interests. Nor did he show that Spencer's performance at the evidentiary hearing would be adversely affected by any actual conflict of interest, because Spencer was no longer representing the other parties and would not be required to choose between the interests of his former clients and Harris.

Finally, the burden was on Harris to support his motion, and he cites no authority for the proposition that the court bore the responsibility for investigating Spencer's alleged conflict.

¶23    We hold the District Court did not abuse its discretion in denying the motion for appointment of a different attorney.

¶24    3. Did the District Court err in denying the petition for postconviction relief?

¶25    As set forth above, we remanded in *Harris II* for an evidentiary hearing related to claims of ineffective assistance of counsel.  To support a claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient and that his defense was, as a result, sufficiently prejudiced to deny him a fair trial. *State v. Boyer* (1985), 215 Mont. 143, 147, 695 P.2d 829, 831(adopting the test from *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674).

¶26    This issue comprises several ineffective assistance arguments by Harris.  He first argues the District Court erred in ruling that Sheehy's "misinterpretation of the suppression order" at trial was harmless error and urges that he was denied due process by counsel's use at trial of his confession.

¶27    These arguments relate to Sheehy's examination of Harris at trial concerning his time-of-arrest confession which had been suppressed for purposes of the prosecution's case-in-chief.  In its order denying postconviction relief, the District Court found Sheehy "misinter-pret[ed] the suppression order" in assuming that the order suppressing the confession for purposes of the case-in-chief amounted to a ruling that the confession could be used on cross-examination.

¶28    As suggested in the ineffective assistance of counsel analysis first set forth in *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695, the District Court reviewed Sheehy's error in the context of his overall performance representing Harris. It noted that the law does not require flawless performance from a defense attorney, since jury trials are complex matters and perfection is virtually unattainable. The court concluded from its review of the record that Sheehy "was functioning at a high level," notwithstanding that he misinterpreted the suppression order. After then reviewing the law on use of suppressed confessions for impeachment, the court concluded it would have allowed Harris's confession to be used for impeachment, and Sheehy would have been faced with the choice of keeping Harris off the stand or putting him on and attempting to diffuse the incriminating statement by explaining the circumstances under which it was given. The court concluded Harris was not prejudiced by Sheehy's misinterpretation of the suppression order.

¶29    We agree with the District Court's analysis. On this record, where the District Court has concluded it would have allowed use of Harris's confession for impeachment, we conclude Sheehy's questioning of Harris regarding the confession did not prejudice him. We hold, therefore, that Harris has not established ineffective assistance of counsel. Moreover, because the confession was suppressed only for purposes of the case-in-chief, its use by defense counsel does not amount to a due process violation.

¶30    Harris next argues that Sheehy committed perjury at the postconviction hearing when he testified that he acted out of professional deliberation when he introduced the suppressed statement and when, in listing his tactical reasons for asking Harris about the confession, he

8

referred to a specific alleged act of sexual intercourse with the victim. Harris points out that Sheehy's testimony conflicts with one of the claims in the earlier petition for postconviction relief Sheehy had prepared for Harris--namely, that Sheehy's questioning of Harris on the suppressed confession amounted to ineffective assistance of counsel.

¶31 Harris, not Sheehy, signed the postconviction brief and made the claims therein. Sheehy testified that, under his contract with the Department of Corrections, he merely set forth in proper form the arguments Harris wished to raise. Thus, Harris has failed to establish perjury and, in any event, perjury is a criminal offense--*see* § 45-7-201, MCA--not a postconviction claim.

¶32 Finally, Harris argues Sheehy rendered ineffective assistance of counsel when he failed to investigate, object to, advise the trial court concerning, or raise issues at sentencing or on direct appeal about testimony at trial concerning hospitalization of the victim. These claims are outside the scope of this Court's remand order, which was addressed only to the handling of the confession by counsel at trial. *See Harris II*, ¶¶ 23-24. Nor did Harris present any evidence on these claims at the hearing on remand. Because they are not properly within the scope of this appeal, we will not consider them. *See*, *e.g.*, *State v. Herrera*, 1998 MT 173, ¶ 17, 289 Mont. 499, ¶ 17, 962 P.2d 1180, ¶ 17; *First Nat. Bank of Cut Bank v. Springs* (1987), 225 Mont. 62, 66, 731 P.2d 332, 334.

¶33 Affirmed.

/S/ KARLA M. GRAY

9

We concur:


/S/ JIM RICE
/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART