No. 05-506

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 96N


ERIC R. SMITH,

        Petitioner and Appellant,

   v.

 STATE OF MONTANA,

        Respondent and Respondent.


APPEAL FROM:    The District Court of the Fourth Judicial District,
                      In and For the County Missoula, Cause No. DV-2004-879,
                      Honorable Edward P. McLean, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

        Eric R. Smith, *pro se*, Missoula, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Pamela Collins,
        Assistant Attorney General; Helena, Montana

        Judith L. Wang, Assistant City Attorney, Missoula, Montana

                    Submitted on Briefs:  March 29, 2006

                             Decided:  May 9, 2006

Filed:

                             Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      A Missoula Municipal Court jury convicted Eric R. Smith of indecent exposure, a misdemeanor, based on the allegation that he had masturbated in front of his four-year-old daughter.  Smith appealed as a *pro se* litigant, and the Fourth Judicial District Court affirmed the Municipal Court's decision, concluding that Smith's arguments lacked merit.  Smith filed an appeal with this Court, which we dismissed because Smith's appeal was not timely.

¶3      Smith then filed the present postconviction relief proceeding in the District Court. The court denied the petition, noting that most of the issues raised were "nothing more than a rehash" of the legal issues ruled on by the District Court in its detailed opinion and order, with the exception of a few appealable issues that Smith could have raised in his direct appeal of the criminal action.

¶4      This Court reviews a district court's denial of postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct.  *Hendricks v. State*, 2006 MT 22, ¶ 10, 331 Mont. 47, ¶ 10, 128 P.3d

1017, ¶ 10. "Res judicata bars relitigation, in a petition for postconviction relief, of issues already determined on direct appeal . . . ." *Smith v. State*, 2000 MT 327, ¶ 27, 303 Mont. 47, ¶ 27, 15 P.3d 395, ¶ 27. Pursuant to § 46-21-105(2), MCA, a petitioner "who has been afforded a direct appeal of his conviction [even if dismissed for a failure to timely file] may not raise in a post-conviction petition grounds for relief that he could reasonably have raised in his direct appeal. . . . [T]he procedural bar also applies to issues which were not properly preserved at the trial level for appeal." *State v. Baker* (1995), 272 Mont. 273, 281, 901 P.2d 54, 58. In light of the above law, we conclude that the District Court correctly denied Smith's petition for postconviction relief.

¶5 In addition, Smith maintains that Judge Edward McLean should have removed himself from the case because he presided over Smith's marital dissolution. We have previously held that "the substitution of district judges is unavailable to a postconviction relief petitioner" under § 46-21-101(2), MCA. *Harris v. State*, 2003 MT 258, ¶¶ 17-18, 317 Mont. 406, ¶¶ 17-18, 77 P.3d 272, ¶¶ 17-18.

¶6 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

3

¶7    We affirm the judgment of the District Court.


                                        /S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS