
DA 06-0067

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 44

STATE OF MONTANA,

       Plaintiff and Appellee,

v.

RONALD DWAYNE GLICK,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-2004-066 (A)
Honorable Katherine R. Curtis, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

           William F. Hooks, Attorney at Law, Helena, Montana

       For Appellee:

           Hon. Steve Bullock, Montana Attorney General, Sheri K. Sprigg,
Assistant Attorney General, Helena, Montana

           Ed Corrigan, Flathead County Attorney, Kalispell, Montana


Submitted on Briefs:  July 24, 2007

Decided:  February 18, 2009


Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Ronald Dwayne Glick appeals from judgment entered against him following his conviction of felony sexual assault in the Eleventh Judicial District Court, Flathead County. We affirm.

¶2 We restate the issues as follows:

¶3 1. Was Glick denied his constitutional right to counsel due to an alleged conflict of interest?

¶4 2. Did the District Court err in denying Glick's motion for access to a Presentence Investigation (PSI) report concerning prosecution witness Frank Allen, and prohibiting cross-examination concerning Allen's prior conviction of sexual assault?

## BACKGROUND

¶5 In February of 2004, the state of Montana charged Glick with felony sexual assault against the 13-year-old daughter of his girlfriend. In April of that year, public defender Eduardo Gutierrez-Falla (Falla) was appointed to represent Glick.

¶6 In November of 2004 and February of 2005, Falla was appointed to represent Larry VanAlstine and Frank Allen, respectively, in separate criminal matters unrelated to Glick's case. VanAlstine, Allen, and Glick were all housed in the Flathead County Detention Center. Falla withdrew from representing both VanAlstine and Allen after they both separately informed him they would like to give information on another inmate to the Flathead County Attorney's office. In May of 2005, the state of Montana informed Falla that VanAlstine and Allen might be called as witnesses at Glick's trial. In June of 2005, Falla filed a motion asking the District Court to determine he did not have a

2

conflict of interest, but to appoint co-counsel for Glick. Glick promptly filed a pro se request asking the District Court to discharge Falla as his counsel, based on alleged conflicts of interest. Glick claimed both VanAlstine and Allen had made statements which seemed to come from confidential information only Falla could have provided them.

¶7 The court held a hearing two days later. Falla told the court he had not taken any substantive action on behalf of VanAlstine after VanAlstine reported he had incriminating information on another inmate, and that he had ceased representing Allen immediately after Allen told him he had incriminating information on Glick. Falla told the court neither VanAlstine nor Allen had disclosed to him what the incriminating information was. Falla flatly denied Glick's claim. Falla stated he did not believe he had a conflict of interest, but asked the court to appoint co-counsel for Glick, on grounds that it would be "on a personal level difficult for me to effectively cross-examine [VanAlstine and Allen] during the trial," and also for purposes of communicating with Glick because they had a history of communication difficulties. Glick made a statement at the hearing, primarily relying on his written request that Falla be discharged and on a complaint he had filed against Falla with the Commission on Practice.

¶8 At the end of the hearing, the court stated it was not yet prepared to rule on the motion for substitution, but that it would appoint co-counsel to represent Glick because the trial date was rapidly approaching. In a subsequent written order, the court appointed David Stufft as co-counsel for Glick. It also stated Glick had presented no evidence, other than his own conclusory allegations, that Falla had a conflict of interest which

3

precluded him from continuing to represent Glick. The court ordered that Falla would continue to represent Glick.

¶9 At trial, the victim testified she was lying on a couch with Glick, watching cartoons, when he stuck his hand up her shirt and then down the front of her pants. The defense was based on the victim's acknowledgement that, although she had been speaking with Glick moments earlier and they spoke again moments later, she could not be completely sure he was not sleeping when he touched her inappropriately. Allen testified for the State that, in a subsequent private jailhouse conversation, Glick admitted that he had sexually assaulted the victim. Also testifying for the State were the victim's grandmother, to whom the victim had first reported the incident, and a licensed professional counselor who had reviewed videotapes and transcripts of the victim's interviews with law enforcement and concluded the interviews were properly conducted.

¶10 Glick was convicted, judgment was entered against him, and he appealed. After briefs were filed, we entered a remand order requiring the District Court to enter findings of fact and conclusions of law on the merits of whether Glick was denied his right to conflict-free counsel. Following the District Court's entry on remand of findings of fact, conclusions of law, and its order concluding Falla had no conflict of interest, the parties filed supplemental briefs with this Court.

## STANDARDS OF REVIEW

¶11 We will not reverse a ruling on a request for substitution of appointed counsel unless the district court has abused its discretion. *Harris v. State*, 2003 MT 258, ¶ 20, 317 Mont. 406, 77 P.3d 272. Findings of fact will not be overturned unless they are

4

clearly erroneous. *State v. Cooney*, 1998 MT 208, ¶ 8, 290 Mont. 414, 963 P.2d 1272.

Finally, issues concerning the admissibility of evidence are within the discretion of the

trial court. *See State v. English*, 2006 MT 177, ¶ 31, 333 Mont. 23, 140 P.3d 454.

## ISSUE 1

¶12 *Was Glick denied his constitutional right to counsel due to an alleged conflict of interest?*

¶13 Article II, Section 24 of the Montana Constitution and the Sixth Amendment to the

United States Constitution guarantee a criminal defendant the right to effective assistance

of counsel at every critical stage of the proceedings. *State v. Gazda*, 2003 MT 350, ¶ 29,

318 Mont. 516, 82 P.3d 20. Not all stages of criminal proceedings are critical, however;

in *Gazda*, we held that substitute counsel need not be appointed to represent a criminal

defendant at an initial hearing on the defendant's claim of ineffective assistance of

counsel, when the court entertains the defendant's specific complaints and counsel's

specific explanations addressing those complaints. *Gazda*, ¶ 31. Only if the defendant

establishes at that hearing that he or she has a substantial claim must substitute counsel be

appointed for subsequent proceedings on the merits of the claim. *Gazda*, ¶ 32.

¶14 In his opening brief on appeal, Glick effectively asked us to overrule *Gazda* on

grounds that the initial inquiry into a request for appointment of new counsel is a critical

stage of the proceedings. However, he cited no authorities and made no arguments not

already considered by this Court in deciding *Gazda*. Moreover, the unique procedural

posture of this case has now rendered that question moot.

5

¶15 As we noted in our order remanding this case to the District Court following initial briefing of the appeal, some of the language used by the District Court in its original order on Falla's alleged conflict of interest indicated the court had conducted only an initial inquiry into the claim. We further concluded, however, that the District Court reached the merits of Glick's complaints in that order, so that separate counsel should have been appointed to represent Glick during the hearing. For that reason, we remanded, directing the District Court to hold an evidentiary hearing on the merits of Glick's allegations of a conflict of interest. We further directed Glick's appellate counsel to represent him at the hearing and directed the District Court to enter findings of fact and conclusions of law based on the evidence adduced at the hearing.

¶16 The District Court held the hearing on remand and entered its findings and conclusions, ultimately concluding there was no conflict of interest in Falla's representation of Glick and no deficiency in Falla's performance as counsel for Glick. We now review that determination.

¶17 We begin with the question of the proper standard to be employed in addressing a claim of denial of effective assistance of counsel based on attorney conflict of interest. Glick argues the correct standard is set forth in *Holloway v. Arkansas*, 435 U.S. 475, 98 S. Ct. 1173 (1978). In *Holloway*, defense counsel was forced to represent codefendants at a single trial over his timely objection. There, the United States Supreme Court ruled that when the defense makes a timely objection to joint representation based on an asserted conflict of interest and the trial court fails to inquire as to whether the conflict warrants the appointment of separate counsel, or fails to take adequate steps, prejudice is

presumed and reversal is automatic. *Holloway*, 435 U.S. at 484-88, 98 S. Ct. at 1178-81. Under *Holloway*, it is not necessary for the defense to demonstrate that an actual conflict of interest adversely affected defense counsel's performance.

¶18 Two years later, in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708 (1980), the United States Supreme Court addressed a claim in which the alleged attorney conflict of interest was created by the defense attorney's representation of multiple codefendants in separate trials. In those circumstances, the Court held the possibility of a conflict is insufficient to demonstrate a violation of Sixth Amendment rights—a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler*, 446 U.S. at 350, 100 S. Ct. at 1719.

¶19 We have previously applied the standard set forth in *Cuyler*. *See Harris v. State*, 2003 MT 258, ¶¶ 19-23, 317 Mont. 406, 77 P.3d 272. We conclude it is proper to do so here, as well. This case is more similar to *Cuyler* than it is to *Holloway*, in that it does not involve defense counsel representing codefendants at a single trial. Moreover, in *Holloway*, defense counsel objected to the joint representation. That is not the situation here, where defense counsel told the court he felt he had no conflict of interest problem. *Holloway* has, in fact, been limited to cases in which defense counsel is forced to represent codefendants over counsel's timely objection, unless the trial court has determined there is no conflict. *See Mickens v. Taylor*, 535 U.S. 162, 168, 122 S. Ct. 1237, 1241-42 (2002).

¶20 In this case, after the hearing on remand, the District Court made detailed findings of fact and conclusions of law. The court found Falla testified he initially was concerned

that the information VanAlstine claimed to have might involve Glick. After instructing VanAlstine not to tell him anything further, Falla warned Glick that, if he had been talking to VanAlstine or any other inmates, he should cease doing so. The court further found Falla testified that, after that time and until substitute counsel was appointed to represent VanAlstine, Falla took no other action with regard to resolution of VanAlstine's case. Falla testified that at no time did he discuss with VanAlstine or VanAlstine's substitute counsel the substance of the information VanAlstine possessed.

¶21 In relation to Falla's representation of Allen, the District Court found Falla testified, similarly, that immediately upon being informed by Allen that Allen wished to convey information to the county attorney's office about Glick, Falla instructed Allen not to tell him anything further. The court found Falla then promptly sought appointment of other counsel for Allen, took no substantive action on behalf of Allen, immediately informed Glick that another client had indicated he had information about Glick, and admonished Glick not to talk further with other inmates.

¶22 The court found that the court file in this case contains multiple complaints about Falla by Glick and requests for substantive relief filed by Glick personally, even though Glick was represented by appointed counsel at all times. The court found Glick stated he believed Falla had conspired with Allen and VanAlstine by providing them with confidential information from Glick's file, with the intent that they manufacture false statements to assure his conviction. The court found Falla denied this. The court found Glick also filed a conflict of interest complaint with the Commission on Practice against Falla, upon which the Commission declined to take action.

8

¶23    The court found:

> 35.    There clearly was no active representation of competing interests by Mr. Falla with regard to Mr. Glick. Glick's "speculation" that Mr. Falla provided information about his case to other clients so that those clients could then incriminate Glick is preposterous and totally devoid of credibility.
>
> 36.    Glick has not shown one respect or even offered evidence to suggest that even if there was a conflict of interest it adversely impacted Mr. Falla's representation of him or Falla's performance as his counsel in any way. In fact, Glick has not even offered a theory as to how this alleged conflict of interest adversely impacted Falla's representation.
>
> .  .  .
>
> 39.    Mr. Falla has been a zealous advocate for Mr. Glick throughout all of the proceedings since his appointment in April 2004. . . .
>
> 40.    There is not even an allegation herein by Glick that Falla's representation was deficient or that he was prejudiced by any deficient representation in any way and the Court specifically finds that there was no such deficiency.

The District Court concluded Glick had failed to establish that Falla actively represented conflicting interests or that a potential conflict of interest affected his performance. It concluded any potential for Falla's prior representation of Allen to have an adverse effect on his performance on behalf of Glick was remedied by the appointment of co-counsel to handle all aspects of Allen's participation in Glick's trial. Finally, the court concluded there was no conflict of interest in Falla's representation of Glick in this case.

¶24    Glick says Falla had an actual conflict "the moment he had reason to believe that one client was seeking to cooperate with law enforcement by providing incriminating information against another client." We disagree. The record amply supports a conclusion that Falla made timely withdrawals from representation of both VanAlstine and Allen, and avoided any knowledge or involvement in their potential testimony.

9

¶25 Glick failed to meet his burden on the merits as required under *Cuyler*. He did not establish an actual conflict of interest which adversely affected Falla's performance. We conclude the District Court did not violate Glick's right to conflict-free counsel or abuse its discretion in denying his request for substitution of counsel.

### ISSUE 2

¶26 *Did the District Court err in denying Glick's motion for access to a Presentence Investigation (PSI) report concerning prosecution witness Frank Allen, and prohibiting cross-examination concerning Allen's prior conviction of sexual assault?*

¶27 Prior to trial, Glick's counsel moved for an order directing the State to deliver to the defense all PSI reports concerning potential prosecution witnesses Frank Allen and Larry VanAlstine. The District Court postponed ruling on the motion until just before Allen testified at trial. At that time, only one 13-year-old PSI report concerning Allen was at issue, and defense counsel told the District Court he did not need access to it unless the court reviewed it and found "language . . . that [Allen is] untrustworthy, he's a liar, that goes to his credibility." The court denied the motion on grounds that it had reviewed the PSI report and did not see any reference therein to specific instances of truthfulness or untruthfulness that the defense would be able to inquire into on cross-examination pursuant to M. R. Evid. 608(b).[1]

¶28 Glick argues application of M. R. Evid. 608(b) was error as against the court's obligation to protect his constitutional rights to due process, to present a complete

---

[1] M. R. Evid. 608(b) disallows evidence of specific instances of conduct of a witness to attack the witness's credibility except for evidence which is probative of the witness's truthfulness or untruthfulness.

10

defense, and to confront witnesses. As he points out, we have long recognized that bias or motive is a permissible basis for impeachment. *See e.g. State v. Gommenginger*, 242 Mont. 265, 790 P.2d 455 (1990).

¶29 Both parties rely on *Holmes v. South Carolina*, 547 U.S. 319, 126 S. Ct. 1727 (2006). In that case, Holmes had sought to undermine forensic evidence against him in his trial for murder by introducing evidence that another man had committed the crime. The trial court excluded Holmes's proffered evidence, including witness testimony that the other man had been in the victim's neighborhood at the time of the murder and had either acknowledged that Holmes was innocent or had actually admitted to committing the crime. The court's rationale for exclusion was that the evidence did not raise a reasonable presumption as to Holmes's innocence but only "cast[s] a bare suspicion upon another." *Holmes*, 547 U.S. at 324, 126 S. Ct. at 1731. On appeal, the United States Supreme Court determined the trial court's decision had violated Holmes's right to a meaningful opportunity to present a complete defense. As a result, the Court vacated the conviction and remanded for further proceedings. *Holmes*, 547 U.S. at 331, 126 S. Ct. at 1735.

¶30 Glick argues that here, similarly, the District Court's ruling effectively denied him discovery and prohibited him from cross-examining Allen on his criminal background and motive to cooperate against Glick, thereby precluding the defense from challenging fully a critical witness for the State. The State, on the other hand, relies on the Court's statement in *Holmes* that

11

> [w]hile the Constitution . . . prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury. . . . Plainly referring to rules of this type, we have stated that the Constitution permits judges "to exclude evidence that is 'repetitive . . ., only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.' "

*Holmes*, 547 U.S. at 326-27, 126 S. Ct. at 1732. The State claims the rule precluding the use of convictions for impeachment purposes is a rule of evidence that normally would pose no threat to a defendant's constitutional rights.

¶31 We agree with the State. Under Montana law, PSI reports "must be a part of the court record but may not be opened for public inspection." Section 46-18-113(1), MCA. *In Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S. Ct. 989 (1987), the United States Supreme Court utilized due process analysis in reviewing a request similar to the one at issue here, for release of confidential state records to a criminal defendant. The Court held a defendant is entitled to have confidential state agency records reviewed in camera by the trial court to determine whether they contain information that is material to the defense. *Ritchie*, 480 U.S. at 58, 107 S. Ct. at 1002. We adopted that view in *State v. Thiel*, 236 Mont. 63, 67, 768 P.2d 343, 346 (1989).

¶32 Here, the District Court reviewed, in camera, the 13-year-old PSI report to determine whether it contained information that the defense had requested, and determined it did not. We hold Glick has not established error in the District Court's denial of his motion for access to the PSI report concerning Allen.

12

¶33    Although Glick also claims the District Court erred in "prohibiting cross-examination concerning Allen's prior conviction of sexual assault," his brief on appeal does not clearly set forth any specific rulings of the District Court to which he objects. The appellant has the burden of proof on appeal, and Glick has failed to carry that burden in this regard. We note that the District Court allowed the defense to cross-examine Allen in some detail about his probationary status and the fact that he was facing prison time and to ask Allen whether he had reason to lie in this case and whether he had lied to his probation officers.

¶34    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE