FILED

July 14 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0466

DA 14-0589

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 198N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

RONALD GLICK,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-04-66C
Honorable Heidi Ulbricht, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Ronald Glick (Self-Represented), Kalispell, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

            Edward J. Corrigan. Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  June 17, 2015
Decided:  July 14, 2015

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     The issue on appeal is whether the District Court abused its discretion when it denied Ronald Glick's second motion to modify the conditions of his probation.

¶3     In February 2004, the State of Montana charged Ronald Glick ("Glick") with felony sexual assault.  A jury found Glick guilty and he was sentenced to twenty years at the Montana State Prison, with fifteen years suspended.  Glick was also ordered to complete phase I of sexual offender treatment while incarcerated and to continue the treatment while on probation if recommended.  He appealed his conviction, arguing that he was denied his constitutional right to conflict-free counsel and that the District Court erred when it denied him access to a witness's presentence investigation.  We affirmed. *State v. Glick,* 2009 MT 44, 349 Mont. 277, 203 P.3d 796.

¶4     In February 2009, Glick discharged to the suspended portion of his sentence and was under the supervision of Montana Parole and Probation Officer Dave Edwards.  Prior to Glick's release, Edwards contacted Glick's treatment provider at the Montana State Prison, who recommended continued sexual offender treatment upon release.

¶5      In February 2010, the State moved to modify three conditions of Glick's probation.  The original conditions required Glick to have no contact with the victim or children and to avoid frequenting places where children congregated.  The State asked that the conditions be modified to require Glick to remove disparaging comments about the victim from his personal website.  Second, the State asked the Court to require Glick to sign a "no contact" agreement, citing Glick's difficulty while under supervision and the need for a definition of "no contact" in order to successfully supervise Glick.  Finally, the State wanted Glick to sign a plan drafted by his treatment provider, which set forth rules for Glick to follow when he visited a local health facility for physical therapy.  Children frequented the health facility and Glick had refused to sign the plan.

¶6      Glick objected and requested clarification of the conditions, arguing that he fully complied with his sentence conditions by completing phase I sexual offender treatment in prison and was not required to complete additional treatment.  He asserted that neither his treatment provider in prison nor Dr. Michael Scolatti, who performed the psychosexual evaluation on Glick, specifically recommended continued treatment.  Glick also moved the District Court to modify the conditions requiring him to pay for his psychosexual evaluation and public defender fees, arguing that his only source of income was social security.

¶7      On March 5, 2010, the District Court held a hearing on the motion to amend the conditions.  Jeffrey Scoggins, Glick's sexual offender treatment provider, testified that Glick needed continued sex offender treatment and that he had completed only one half of SOP 1, the first phase of treatment.  Glick testified to the financial burden of continued

3

treatment and that requiring him to remove the content regarding the victim was a violation of his freedom of speech. Additionally, he maintained that children were not typically present when he visited the health facility for physical therapy.

¶8 On November 8, 2011, the District Court issued its Findings of Fact, Conclusions of Law, and Order on Motion for Modification and Motion for Clarification, granting all of the State's requests for modification. The District Court found that Glick's website "subjects her [the victim], by name, to contempt, humiliation, and degradation." The District Court further found that the condition requiring Glick to delete all references to the victim was a reasonable restriction, necessary for his eventual rehabilitation and the protection of the victim. The District Court clarified the condition pertaining to sexual offender treatment, finding it necessary for Glick to complete the full regimen of the sexual offender treatment program. Finally, the District Court concluded that the additional conditions requiring the "no contact" agreement and the plan for use at the health facility were necessary for the protection of society and Glick's rehabilitation.

¶9 Glick filed two motions to amend the District Court's order. In the first motion, filed January 6, 2012, Glick challenged two of the District Court's findings of fact and requested that the District Court clarify and address his financial ability to meet the conditions. On January 26, 2012, the District Court granted Glick's request to modify the restriction on contact with children to pertain only to female children. The District Court denied his other requests noting that there was insufficient evidence that Glick was unable to meet his financial obligations over the 15-year probation period and the other

proposed amendment did not comport with the District Court's recollection. Glick did not provide a transcript to the District Court, nor was a transcript provided on appeal.

¶10 On April 3, 2014, Glick filed a second motion to amend. Glick argued that the written order omitted several aspects that were part of the District Court's oral pronouncement. Additionally, Glick raised a new issue of ineffective assistance of counsel.[1] On July 16, 2014, the District Court denied Glick's second motion to amend, concluding that Glick's motion was untimely under § 46-18-116, MCA. Glick filed a notice of appeal with this Court on September 15, 2014.

¶11 We review a decision to grant or deny a post trial motion for abuse of discretion. *State v. Griffin*, 2007 MT 289, ¶ 10, 339 Mont. 465, 172 P.3d 1223. The party seeking reversal of the district court's ruling bears the burden of demonstrating abuse of discretion. *Griffin*, ¶ 10.

¶12 Glick's request was untimely. Section 46-18-116, MCA, requires a defendant to request modification of a written judgment within 120 days after the filing of the written judgment. Here, the written judgment modifying the conditions was filed on November 8, 2011. The District Court filed its amended order on January 26, 2012. Glick did not file his second motion to amend the order until April 3, 2014—798 days after the District Court entered its amended order. The District Court did not abuse its discretion when it declined to review a motion to amend filed nearly three years after its order.

---

[1] Glick's counsel filed a notice of termination of attorney/client relationship on February 19, 2014.

¶13　Moreover, even assuming that Glick's claims were timely, he failed to raise the issues in the District Court.  Glick did not raise the issue of ineffective assistance of counsel until the second motion.  On appeal, Glick raises a number of new legal theories including double jeopardy and the lack of authority to modify conditions of probation.  It is well-established that this Court will not consider issues raised for the first time on appeal.  *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, 347, 151 P.3d 892; *State v. Charlie*, 2010 MT 195, ¶ 35, 357 Mont. 355, 364, 239 P.3d 934.  This Court will not review an unpreserved challenge to a sentence if the sentence is not illegal.  *Kotwicki,* ¶ 13; *State v. Swoboda*, 276 Mont. 479, 482, 918 P.2d 296, 298 (1996).

¶14　A court may impose reasonable conditions on a suspended sentence, including any condition necessary for the rehabilitation of the defendant or the protection of the victim and society.  Section 46-18-201(4)(q), MCA; *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 18, 369 Mont. 81, 296 P.3d 461.  Additionally, a judge may modify or add any condition upon the recommendation of a probation or parole officer.  Section 46-23-1011(4)(a), MCA.  If a person convicted of a sexual offense is serving a suspended portion of a sentence, he or she must abide by the requirements and conditions of treatment as directed by the person's sex offender therapist.  Section 46-18-207(5)(d), MCA.

¶15　The District Court did not exceed its statutory authority when it granted the State's motion to amend Glick's probation conditions.  The District Court concluded that the conditions were reasonable and necessary for the rehabilitation of Glick and the protection of the victim in this case.  Section 46-18-201(4)(q), MCA.  Moreover, Glick's

therapist recommended that he fully complete sexual offender treatment for the protection of society and the victim, as well as the rehabilitation of Glick. The District Court's order was well within the statutory parameters.

¶16    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶17    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE