FILED

02/07/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0198

DA 22-0198

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 24N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RONALD DWAYNE GLICK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DC-04-66C
                Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Ronald Dwayne Glick, Self-Represented, Kalispell, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant
      Attorney General, Helena, Montana

      Travis Ahner, Flathead County Attorney, Andrew Clegg, Deputy County
      Attorney, Kalispell, Montana

Submitted on Briefs:  January 11, 2023

Decided:  February 7, 2023

Filed:

_____
                    Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ronald Dwayne Glick appeals from the January 5, 2022 order of the Eleventh Judicial District Court denying his motion for conditional discharge from supervision. We affirm.

¶3 Glick was convicted of felony sexual assault on July 13, 2005. The District Court sentenced him to 20 years in the Montana State Prison, with 15 years suspended, and imposed certain conditions. Among the conditions imposed was that Glick remain law abiding in all respects.

¶4 On December 6, 2021, Glick moved the District Court for conditional discharge from supervision. Glick asserted he "was released to probationary supervision on or about February 18, 2009, and has been in full compliance of all conditions of his custody since."

¶5 The District Court denied Glick's motion. Addressing Glick's assertion that he "has been in full compliance of all conditions of his custody" since his release to probationary supervision, the District Court noted that "[a] review of the record and Montana Supreme Court cases concerning [Glick] shows this statement is false." The District Court noted that in 2011, it had to issue an order modifying the terms of Glick's probation because he had been maintaining a website that identified the victim of his crime by name and "subject[ed] her, by name, to contempt, humiliation, and degradation." The District Court

also found that imposing a condition requiring Glick to delete all references to the victim on his website was a reasonable restriction and necessary for his eventual rehabilitation and the protection of the victim. We affirmed the District Court's ruling in that case. *State v. Glick*, No. DA 14-0589, 2015 MT 198N, ¶ 17, 2015 Mont. LEXIS 403. The District Court noted that, despite the order to delete any content Glick created referring to the victim of his offense:

> The record contain[ed] subsequent reports of violation from Probation and Parole indicating that [Glick] had published a book containing the first name of [the] victim along with other identifying information and asserting that he had threatened to publish [the] victim's name and information through a third party if his probation was revoked.

The District Court also noted that the record reflected multiple instances in which people have been compelled to obtain protective orders or no-contact orders against Glick since his release to probationary supervision as well as instances in which Glick had disregarded some of those orders, citing: *Townsend v. Glick*, No. DA 15-0313, 2015 MT 329N, 2015 Mont. LEXIS 558; *Guiffrida v. Glick*, No. DA 16-0569, 2017 MT 136N, 2017 Mont. LEXIS 330; *Guiffrida v. Glick*, No. DA 19-0150, 2019 MT 271N, 2019 Mont. LEXIS 805.

¶6 Section 46-23-1011(10)(a), MCA, provides, in relevant part, that a judge "may conditionally discharge a probationer from supervision before expiration of the probationer's sentence[] . . . if the judge determines that a conditional discharge from supervision[] . . . is in the best interests of the probationer and society[] . . . and will not present unreasonable risk of danger to the victim of the offense." The statute clearly evinces that such a ruling is discretionary. This Court reviews a decision to deny a post-trial motion for abuse of discretion. *State v. Griffin*, 2007 MT 289, ¶ 10, 339 Mont.

465, 172 P.3d 1223 (citation omitted). The burden of demonstrating an abuse of discretion is on the party seeking reversal of the district court's ruling. *Griffin*, ¶ 10 (citation omitted).

¶7 As noted above, the District Court detailed multiple instances in which Glick's conduct during the period of his probation has necessitated court involvement for the protection of both the victim of his crime and other individuals in the community. The District Court did not abuse its discretion by denying Glick's motion for conditional discharge from supervision.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court Order Denying Defendant's Motion for Conditional Discharge from Supervision is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE