FILED

10/11/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0589

DA 15-0589

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 255

TINA McCOLL,

      Plaintiff and Appellant,

  v.

MICHAEL LANG, N.D. and
NATURE'S WISDOM,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DV-12-396
                 Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

               Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

        For Appellee:

               Randy J. Cox, Tracey Neighbor Johnson, Boone Karlberg P.C.,
               Missoula, Montana

Submitted on Briefs:  August 3, 2016

Decided:  October 11, 2016

Filed:

_____
                         Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Tina McColl (McColl) appeals from a July 15, 2015 jury verdict in her favor against Michael Lang, N.D. (Lang). The jury found Lang departed from the standard of care applicable to a naturopathic physician in his care of McColl, awarded damages, but declined to award punitive damages. We affirm.

¶2    We restate the issues on appeal as follows:

*Issue One: Did the District Court abuse its discretion when it granted Lang's motion to exclude evidence of the Food, Drug, and Cosmetic Act (FDCA) prohibition against selling, marketing, or manufacturing drugs not FDA approved and the Federal Drug Administration (FDA) warning letters regarding the use of black salve as a cure for cancer?*

*Issue Two: Did the District Court abuse its discretion when it denied McColl's motion to exclude Dr. Hangee-Bauer's expert opinion testimony?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3    Lang is a licensed naturopathic physician. In January 2012, McColl saw Lang for a thyroid issue and discussed an eruption or blemish on her nose and her desire to remove it. In February 2012, McColl returned to Lang's office where he applied black salve, an escharotic agent, to McColl's nose. Lang sent her home with instructions to return. A few days later, McColl returned to Lang and he reapplied black salve to her nose. On February 16, 2012, McColl went to Belgrade Urgent Care complaining of facial swelling and burning. The treating physician diagnosed her with an infected third degree burn on her nose, which was 4mm deep and dime sized. Belgrade Urgent Care continued McColl's care until she healed. Unhappy with the appearance of her nose, McColl underwent plastic surgery on April 4, 2012. A plastic surgeon repaired the indent with a

2

rotational flap repair. To maintain a scar free appearance McColl requires surgical injections twice a year.

¶4   In the initial complaint, McColl stated black salve was an unapproved new drug, the marketing of which violated the FDCA, and that as early as 2008 the FDA identified black salve as a fake cancer cure warning consumers not to use it. Prior to trial Lang filed a motion in limine to exclude evidence and argument relating to the FDCA prohibition against the sale, marketing, and manufacturing of drugs not FDA approved, and the FDA warning letters concerning black salve as a cancer cure. Lang's defense argued the FDCA prohibition and FDA warning letters were irrelevant and overly prejudicial as McColl's complaint addressed the practice of medicine, not the manufacturing, marketing, or selling of black salve. Further, Lang never claimed to be curing cancer with black salve. The District Court granted Lang's motion to exclude finding the evidence irrelevant and overly prejudicial.

¶5   Prior to trial McColl filed a motion in limine to exclude testimony from Dr. Hangee-Bauer, Lang's expert, on the standard of care for a naturopathic physician. McColl claimed that Dr. Hangee-Bauer was not an expert regarding the use or discharge of black salve. Lang contended that Dr. Hangee-Bauer was qualified to be an expert on the practice of naturopathic medicine, not the use of a specific product such as black salve. The District Court denied McColl's motion to exclude, finding Dr. Hangee-Bauer satisfied the expert witness requirements under § 26-2-601, MCA.

¶6   At trial, the jury found Lang departed from the standard of care applicable to a naturopathic physician in his treatment of McColl, which resulted in damages. The jury

3

unanimously denied punitive damages, determining McColl failed to prove by clear and convincing evidence that Lang acted with actual malice. The jury awarded McColl $139,500 plus costs of $5,847.08, for a total of $145,347.08. McColl accepted a check for the amount of the judgment. McColl then filed the instant appeal claiming the District Court abused its discretion regarding the orders to exclude, arguing the rulings led to the jury's unanimous rejection of a punitive damages award. She seeks a new trial on the issue of punitive damages.

## STANDARD OF REVIEW

¶7 This Court reviews an order barring evidence or testimony, including admissibility of expert testimony, for abuse of discretion. *Cartwright v. Scheels All Sports, Inc.*, 2013 MT 158, ¶¶ 37, 47, 370 Mont. 369, 310 P.3d 1080. A court abuses its discretion if it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Chase v. Bearpaw Ranch Ass'n*, 2006 MT 67, ¶ 15, 331 Mont. 421, 133 P.3d 190. We will not reverse the district court's ruling unless the abuse of discretion constitutes reversible error. *Mont. Petroleum Tank Release Comp. Bd. v. Crumleys, Inc.*, 2008 MT 2, ¶ 75, 341 Mont. 33, 174 P.3d 948. Reversible error occurs when a substantial right of the appellant is affected, or when the challenged evidence affected the outcome of the trial. *Mont. Petroleum Tank Release Comp. Bd.*, ¶ 75.

## INTRODUCTION

¶8 McColl argues the District Court prejudiced her punitive damages claim by granting Lang's motion to exclude the FDCA prohibition against the manufacturing,

4

marketing, and sale of black salve and its denial of her motion to exclude the expert testimony of Dr. Hangee-Bauer. McColl seeks a new trial under § 25-11-102, MCA, claiming the District Court abused its discretion when it ruled on the evidence and testimony forming the basis of this appeal, which affected her substantial rights. McColl cites *Stevenson v. Felco Indus*., 2009 MT 299, ¶ 16, 352 Mont. 303, 216 P.3d 763.

¶9     A jury verdict not to award punitive damages is reviewed under the substantial evidence rule. *Sandman v. Farmers Ins. Exchange*, 1998 MT 286, ¶¶ 39-41, 291 Mont. 456, 969 P.2d 277. Under the substantial evidence rule, a jury verdict will not be disturbed unless it is "inherently impossible to believe" or "there is an absence of probative facts to support the verdict." *Sandman,* ¶ 41. The reviewing court's only task is to "simply determine whether the verdict is supported by substantial credible evidence, which is defined as evidence that a reasonable mind might accept as adequate to support a conclusion." *Seltzer v. Morton*, 2007 MT 62, ¶ 94, 336 Mont. 225, 154 P.3d 561. When making this determination, this court "views the evidence in the light most favorable to the prevailing party," who is entitled to any "reasonable inference that can be drawn from the facts." *Seltzer*, ¶ 94; *Sandman*, ¶ 41.

¶10    An award of punitive damages requires that the defendant act with actual malice or actual fraud. Section 27-1-221(1), MCA. "A defendant is guilty of actual malice if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff and: (a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or (b) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff."

Section 27-1-221(2), MCA; *Czajkowski v. Meyers*, 2007 MT 292, ¶ 42, 339 Mont. 503, 172 P.3d 94. To win punitive damages the plaintiff must prove all of the elements by clear and convincing evidence. Section 27-1-221(5), MCA; *Barnes v. United Indus.,* 275 Mont. 25, 31, 909 P.2d 700 (1996). "Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. It is more than a preponderance of evidence but less than beyond a reasonable doubt." Section 27-1-221(5), MCA; *Czajkowski*, ¶ 43. With this in mind we now discuss McColl's abuse of discretion claims.

### DISCUSSION

¶11   *Issue One: Did the District Court abuse its discretion when it granted Lang's motion to exclude evidence of the Food, Drug, and Cosmetic Act (FDCA) prohibition against selling, marketing, or manufacturing drugs not FDA approved and the Federal Drug Administration (FDA) warning letters regarding the use of black salve as a cure for cancer?*

¶12   Generally, all relevant evidence is admissible and evidence, which is not relevant, is not admissible. M. R. Evid. 402; *Kissock v. Butte Convalescent Ctr.,* 1999 MT 322, ¶ 11, 297 Mont. 307, 992 P.2d 1271. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. M. R. Evid. 403; *Kissock*, ¶ 11.

¶13   The FDA regulates the manufacturing, marketing, and sale of prescription drugs under the Food, Drug, and Cosmetics Act (FDCA), 21 U.S.C. § 355(a) FDCA. *See* 21 U.S.C. § 355(a); *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 239 (3d Cir. 2012). The FDA publishes warning letters to consumers when sellers are manufacturing, marketing, or selling unapproved drugs in violation of

6

the FDCA.  The FDA does not regulate the practice of medicine.  *See* 21 U.S.C. § 355(a) FDCA.  However, the State of Montana specifically regulates the practice of naturopathic medicine.  Title 37, chapter 26, MCA.  Under Montana law naturopathic physicians may administer escharotic agents, such as black salve.  *See* § 37-26-301(2)-(3), MCA; Admin. R. M. 24.111.511(9), .511(16)(a).

¶14    Lang did not sell, market, or manufacture black salve to McColl in violation of the FDCA prohibition outlined in 21 U.S.C. § 355(a) FDCA.  McColl does not allege that Lang treated her for cancer.  The use of black salve was an act undertaken in Lang's role as a naturopathic physician.  The FDCA prohibition and the FDA warning letters regarding black salve were properly excluded as they were irrelevant to the issues in this case and overly prejudicial.  The District Court did not abuse its discretion when it granted Lang's motions to exclude.

¶15    *Issue Two: Did the District Court abuse its discretion when it denied McColl's motion to exclude Dr. Hangee-Bauer's expert opinion testimony?*

¶16    Section 26-2-601(1), MCA, outlines the requirements an expert witness must possess to testify in medical malpractice claims regarding negligence and the standard of care.  An expert witness must be (a) licensed as a health care provider in at least one state, treated the diagnosis or routinely treated the condition in the past 5 years, or provide the type of treatment which is at issue, and (b) through education, training and experience the expert is familiar with the standards of care and practice as they relate to the act or omission at issue.  Section 26-2-601(1)(a)-(b), MCA.  Expertise in the specific treatment is not required.  Section 26-2-601, MCA; *Beehler v. Eastern Radiological*

*Associates, P.C.*, 2012 MT 260, 367 Mont. 21, 289 P.3d 131 (experience performing the specific procedure at issue is not necessary in order to provide expert testimony).

¶17 Section 26-2-601, MCA, is considered in conjunction with M. R. Evid. 702, requiring an expert witness to be qualified by way of "knowledge, skill, experience, training, or education." *McClue v. Safeco Ins. Co.*, 2015 MT 222, ¶ 16, 380 Mont. 204, 354 P.3d 604. District courts are encouraged to "construe liberally the rules of evidence as to admit all relevant expert testimony." *McClue*, ¶ 23 (citing *Beehler* ¶ 23 (quoting *State v. Damon*, 2005 MT 218, ¶ 17-19, 328 Mont. 276, 119 P.3d 1194)).

¶18 Under Montana law, Dr. Hangee-Bauer is required to be licensed by at least one state, routinely treat the type of condition at issue, facial lesions, and have the education and experience to be familiar with the standards of care and practice as they relate to Lang's treatment of McColl. Section 26-2-601, MCA; M. R. Evid. 702. Dr. Hangee-Bauer is licensed in California as a naturopathic physician, has been practicing for thirty-one years, and routinely treats facial lesions in his patients. As a naturopathic physician, his education includes a four-year undergraduate degree in biology and chemistry, a four-year naturopathic school, and a two-year postgraduate residency. While Dr. Hangee-Bauer does not consider himself an expert on the use of black salve as an escharotic, he was qualified to testify regarding the standard of care required in this case. The District Court did not abuse its discretion when it denied McColl's motion to exclude and allowed Dr. Hangee-Bauer's expert testimony.

¶19 Implicit within McColl's argument is the concession that without the excluded evidence, there was not sufficient evidence to support a punitive damages award. The

jury instructions clearly indicated what was required for the jury to find Lang acted maliciously. Based on the evidence presented, the jury did not find by clear and convincing evidence that the Defendant acted with malice. Persuaded by the facts in the case and informed by the clear jury instructions the jury refused to award punitive damages. We agree the jury verdict was supported by substantial evidence.

## CONCLUSION

¶20 The District Court properly determined the admissibility of the evidence and expert testimony in this case. There is no basis to McColl's claim for a new trial. The jury's unanimous verdict not awarding punitive damages was supported by substantial evidence. Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE

9