DA 18-0710

FILED

12/29/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0710

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 326

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

JOSHUA WAYNE REAMS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DC 2017-06
Honorable Luke M. Berger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Moses Okeyo, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana

          Ole Olson, Daniel M. Guzynski, Special Deputy Jefferson County Attorneys, Helena, Montana

Submitted on Briefs:  September 30, 2020

Decided:  December 29, 2020

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Defendant Joshua Wayne Reams appeals from the January 19, 2018 jury verdict of the Fifth Judicial District Court, Jefferson County, following his conviction of incest against his ten-year-old stepdaughter J.L. in violation of § 45-5-507, MCA. We restate and address the following issue on appeal:

> *Whether the District Court erred when it granted the State's motion in limine excluding the testimony of Reams's expert witness regarding general information of false reports in child sexual abuse cases?*

We reverse and remand to the District Court for a new trial.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 Reams was charged by amended information with one count of incest, alleging he sexually abused his ten-year old stepdaughter, J.L.

¶3 On June 12, 2017, the State gave notice of its intent to call two expert witnesses at trial:

> 1. Dr. Michelle Danielson. Dr. Danielson is a pediatrician who the State asserted may testify as to her expertise, knowledge, and research as a pediatric doctor treating victims of sexual assault; and
>
> 2. Paula Samms, LCPC. Samms conducted the forensic interview of J.L. Aside from testifying about her forensic interview of J.L., the State asserted she would testify to the process of victimology, a child's typical reaction to abuse, and the proper protocol for conducting forensic interviews.

¶4 On August 16, 2017, Reams gave notice of his intent to call an expert witness, Dr. Deborah Davis. Reams attached a copy of Dr. Davis's curriculum vitae and advised that she was preparing a report which would be produced to the State after transcripts of various witness interviews were prepared and reviewed by Dr. Davis.

2

¶5 On August 31, 2017, the State filed a second expert witness notice, advising of its intent to call Dr. Wendy Dutton. The State advised that Dr. Dutton would testify regarding the general characteristics of children of sexual abuse, including:

a. general characteristics of disclosure patterns of child sexual abuse victims;

b. general characteristics of coping strategies of child sexual abuse victims;

c. general characteristics of process of victimization including victim selection, engagement, grooming, assault, and concealment (process of victimization); and

d. general recall characteristics of child sexual abuse including script and episodic memory.

¶6 The State moved in limine to exclude Dr. Davis as an expert witness, arguing Dr. Davis lacked the requisite qualifications to apply her methodology concerning false reports in child sexual abuse cases to the facts of this case. In his brief opposing the State's motion, Reams asserted that he intended to call Dr. Davis as an educational witness on a topic outside of most jurors' common experience. Reams asserted that Dr. Davis would "not discuss the facts of this case or . . . apply her methodology to the facts of the case." Reams asserted that Dr. Davis would be called to testify "on the general causes of false reports of sexual abuse, including (1) intentional deception; (2) distortion of memory/belief; (3) guessing; and (4) compliance with suggestion." Reams noted: "Dr. Davis has written and testified extensively as an expert on memory and false reports of sexual abuse and why and how they occur."

¶7 The District Court granted the State's motion in limine to exclude Dr. Davis's expert testimony. The District Court deemed Dr. Davis unqualified to testify as an expert witness

under *State v. Scheffelman*, 250 Mont. 334, 342, 820 P.2d 1293, 1298 (1991), which allows a party to elicit expert testimony that directly comments on an alleged victim's credibility if the expert satisfies certain criteria. The District Court reasoned:

> Unlike the generalized testimony offered in *Morgan*, there appears to be no other purpose for offering Davis' testimony except to attempt to undermine J.L.'s credibility in making her accusations of abuse. This type of testimony falls plainly within the ambit of *Scheffelman*, and a review of Davis' expert disclosure indicates she fails to meet the requisite qualifications under the first prong of *Scheffelman*. Although Davis is a psychologist, professor, and faculty member of the National Judicial College who has knowledge of the subject of sexual abuse, there is no indication from Davis' CV she has extensive firsthand experience treating children.

¶8  The jury convicted Reams of incest.

## STANDARDS OF REVIEW

¶9  Whether an expert is allowed to testify at trial is an evidentiary ruling. *State v. Robins*, 2013 MT 71, ¶ 9, 369 Mont. 291, 297 P.3d 1213. This Court reviews a district court's decision to exclude expert testimony under an abuse of discretion standard. *McColl v. Lang*, 2016 MT 255, ¶ 7, 385 Mont. 150, 381 P.3d 574. A district court abuses its discretion if it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in a substantial injustice. *State v. Webber*, 2019 MT 216, ¶ 8, 397 Mont. 239, 448 P.3d 1091. We will not reverse the district court's ruling unless the abuse of discretion constitutes reversible error. *Lang*, ¶ 7. Reversible error occurs when a substantial right of the appellant is affected, or when the challenged evidence affected the outcome of the trial. *Lang*, ¶ 7.

DISCUSSION

¶10 *Whether the District Court erred when it granted the State's motion in limine excluding the testimony of Reams's expert witness regarding general information of false reports in child sexual abuse cases?*

¶11 It is solely the jury's duty to determine the credibility of a witness. *State v. Robins*, 2013 MT 71, ¶ 11, 369 Mont. 291, 297 P.3d 1213. An expert cannot comment on the credibility of the alleged victim. *Robins*, ¶ 11. A narrow exception to this prohibition allows an expert to comment directly on a victim's credibility in child sexual abuse cases in limited situations. *Robins*, ¶ 10 (citing *State v. Scheffelman*, 250 Mont. 334, 342, 820 P.2d 1293, 1298 (1991). The exception we established in *Scheffelman* allows an expert to directly comment on the victim's credibility if the expert can meet certain criteria, *Robins*, ¶ 11. The *Scheffelman* exception is implicated "only when the expert directly comments on the victim's credibility." *Robins*, ¶ 12. "Expert testimony that only indirectly bears on a child sexual abuse victim's credibility does not have to satisfy the [*Scheffelman*] exception's requirements to be admissible." *Robins*, ¶ 12 (citing *State v. Morgan*, 1998 MT 268, 291 Mont. 347, 968 P.2d 1120).

¶12 In *State v. Morgan*, a defendant convicted of incest argued the district court erred when it admitted expert testimony regarding general information of child sexual abuse. *Morgan*, ¶ 26. The expert did not review the facts of the case and did not offer an opinion directly concerning the victim's credibility. *Morgan*, ¶ 26. The expert gave general information to the jurors, testifying about patterns of child sexual abuse and factors to consider when evaluating a child's sexual abuse report. *Morgan*, ¶ 26. This Court did not apply the *Scheffelman* exception that permits an expert to testify directly on the victim's

credibility because whether the expert would testify directly on the victim's credibility was not at issue since the testimony was centered around general information of child sexual abuse. *Morgan*, ¶ 40. Rather, we considered only whether the expert's testimony was proper under M. R. Evid. 702.

¶13 Reams argues the District Court erred when it applied the *Scheffelman* exception to prevent Dr. Davis from testifying because the exception is only implicated when an expert seeks to directly comment on a child victim's credibility. We agree.

¶14 The District Court considered the admissibility of Dr. Davis's testimony under *Scheffelman* because it concluded that "there appear[ed] to be no other purpose for offering Davis' testimony except to attempt to undermine J.L.'s credibility in making her accusations of abuse." But that is not the test. The *Scheffelman* exception is implicated "*only* when the expert *directly* comments on the victim's credibility." *Robins*, ¶ 12 (emphasis added). "Expert testimony that only indirectly bears on a child sexual abuse victim's credibility does not have to satisfy the [*Scheffelman*] exception's requirements to be admissible." *Robins*, ¶ 12.

¶15 An expert may testify about scientific, technical, or other specialized knowledge if it will help the jury understand the evidence or determine a fact in issue. M. R. Evid. 702. This Court has repeatedly upheld the use of experts to explain complexities of child sexual abuse and to give guidance, which will help jurors understand and judge the victim's testimony. *State v. Morgan*, 1998 MT 268, ¶ 29, 291 Mont. 347, 968 P.2d 1120. "Expert testimony relating to the contradictory behavior . . . of a child victim of sexual abuse, will be allowed to enlighten the jury on a subject with which most people have no

6

common experience and to assist the jurors in assessing the credibility of the victim." *Morgan*, ¶ 31 (quoting *State v. Scott*, 257 Mont. 454, 456, 850 P.2d 286, 292 (1993)). Child sexual abuse is a topic that many or most jurors have no common experience with. *State v. Robins*, 2013 MT 71, ¶ 16, 369 Mont. 291, 297 P.3d 1213.

¶16 Certainly, it would be appropriate for the District Court to limit Dr. Davis's testimony to the general issues and restrict her from commenting directly on J.L.'s credibility. But that was the testimony Reams asserted Dr. Davis would give. Reams stated that Dr. Davis would present educational testimony at trial concerning general causes of false reports in child sexual abuse cases to assist the jury in understanding some of the reasons why a child might make a false accusation.[1] This is not qualitatively different from testimony the State elicited from Dr. Dutton, such as why a child may delay reporting sexual abuse. Both are subjects that are outside the common experience of a jury, and both may indirectly bear on a child sexual abuse victim's credibility, but this does not implicate the *Scheffelman* criteria for admissibility. The District Court erred by applying the *Scheffelman* exception criteria in excluding Dr. Davis's testimony.

¶17 Having concluded the District Court erroneously excluded Dr. Davis's testimony, we turn to the State's argument that the error was harmless. The State argues that even if the District Court erred by excluding Dr. Davis's testimony, the error was harmless because

---

[1] We distinguish educational testimony regarding general causes of false reports in child sexual abuse cases from the statistical testimony regarding false reporting that we disallowed in *State v. Grimshaw*, 2020 MT 201, 401 Mont. 27, 469 P.3d 702.

7

"Reams exacted the same testimony on cross-examination of the State's witnesses." We disagree.

¶18 "Defendants have a constitutional right to present a defense. Whether that right is rooted directly in the Due Process Clause, U.S. Const. amend. XIV, or in the Compulsory Process or Confrontation Clauses, U.S. Const. amend. IV, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *State v. Glich*, 2009 MT 44, ¶ 29, (citing *Holmes v. South Carolina*, 547 U.S. 319, 126 S. Ct. 1727, 164 L. Ed. 2d 503 (2006). A criminal defendant also has a right to confront the witnesses against him, arising from the Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution. *State v. MacKinnon*, 1998 MT 78, ¶ 33, 288 Mont. 329, 957 P.2d 23. The defendant's constitutional right to present a complete defense and the right to confront the witnesses against him is not an either/or proposition. A defendant does not exercise one constitutional right to the exclusion of the other. The State's argument would essentially have us hold that because Reams was able to elicit some concessions from the State's expert witnesses on cross-examination, this effectively abrogated his constitutional right to present his own expert witness.

¶19 Moreover, we have held that the manner in which evidence is presented and witnesses are called are matters of trial tactics and strategy that are exclusively within the province of defense counsel. *Weaver v. State*, 2005 MT 158, ¶ 25, 327 Mont. 441, 114 P.3d 1039. Requiring a criminal defendant to rely upon the State's expert witnesses in lieu of his own expert necessarily impacts the tactics and strategy inherent in preparing

8

a case.  While defense counsel may, for strategic or tactical reasons, *choose* to pursue such a course of action, in this case the decision was imposed upon him.  Instead of presenting his own educational expert to present his evidence in a cohesive and coherent fashion in his case-in-chief, Reams was required to present it piecemeal by cross-examining the State's experts in the State's case-in-chief.  He also was deprived of the opportunity to use his own expert to rebut the testimony of the multiple experts the State called.

## CONCLUSION

¶20 The District Court erred by applying the *Scheffelman* exception criteria to exclude Dr. Davis's testimony.  The District Court's error was not harmless.  We reverse and remand for a new trial.

/S/ JAMES JEREMIAH SHEA


We Concur:


/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR